No. 5.—GIDEON WATSON, plaintiff in error, vs. PHILIP McCARTHY defendant in error.

[1.] To charge a person with having the Gonorrhea is actionable, as it will have the effect to exclude him either wholly or *partially* from society : certainly from all *good society.*

Slander. From Macon Superior Court. Tried before Judge Warren, October Term, 1846.

For the words spoken, &c., see the opinion of the Supreme Court.

JOHN M. GILES for the plaintiff in error.

Mr. Giles, for the plaintiff in error, contended, that the words charged do not impute any such disorder as would tend to exclude the plaintiff below, from society. Mr. Starkie says, " actions for words of this description seem, in the absence of special damage, to have been confined to the charges of leprosy and *lues venerea.*" He states the general rule to be, that the action " is confined to the imputing those disorders which are. *so infectious in their nature, and pernicious in their effects,* as to render the person affected, an object likely to be shunned and avoided." *Starkie on Slander,* 97.

Is either of the diseases spoken of by Mr. Starkie imputed here ? Leprosy is certainly not. *Lues venerea* is a term used to designate Syphilis or French Pox. *Dunglison's Med. Dic.* 690. So the terms " *venereal disease,*" " *venereal disorder,*" properly denote Syphilis. *Dunglison's Med. Dic.* Title " Venereal disease." 2 *Eberle's Prac. Med.* 503.

The disease imputed in this case is clap or gonorrhea. This disease and syphilis or pox are different. 2 *Eb. Pr. Med.* 491.

There are cases reported, in which it was held actionable to impute the pox. These are old cases, and were decided when the character of these diseases were little understood, when they were supposed, or really were, more infectious than they now are. 2 *Eb. Pr. Med.* 502 ; *Encyc. Amer.*

But the disease charged here is altogether different; it is much less infectious and much less dangerous. No one afflicted with it is " shunned and avoided" for fear of the contagion.

It is not upon the ground of any supposed moral turpitude in

contracting a disease that it is held actionable to impute it. It is the probability of a man's exclusion from society on *account of the fear of contagion*, which the law recognises as an injury. In leprosy and the plague, no moral guilt could generally be involved. It was not upon the ground of "moral turpitude" that the imputation of these diseases was held actionable. It was not upon the ground of "moral turpitude" being charged, that imputing these diseases was held actionable.

William H. Robinson for the defendant in error.

Mr. Robinson, for defendant in error, maintained, that any words which import the charge of having a contagious disorder, are actionable *per se*, and that the words in this case import such a charge, and are therefore actionable. 3 *Black. Comm.* 123; 9 *Bac. Abr.* 45; 2 *Term R.* 473; *Starkie on Slander*, 97–8; *Holt on Libel*, 221; *Bouv. Law Dic. Title, Slander;* 3 *Day R.* 312; 13 *Mass. R.* 252.

Mr. Starkie (see his work on Slander, 97–8,) lays down, that any words which import the charge of having the *lues venerea*, are actionable, and *gonorrhea* being the same, as we contend, any words importing the charge of it, involves the same consequences, and are likewise actionable. *Coop. Dic. Tit. Gonorrhea and Venereal; Hooper's Dic. Tit. Syphilis;* 2 *Eberle's Prac. Med.* 491

Whether these diseases be the same or not, they are generally understood by mankind as importing the same thing. *Webster's Dic.; Walker's Dic.; Hoop. Dic. Tit. Syphilis.* If the words charged are susceptible of two meanings, or are used in a double sense, the Courts will, after verdict, adopt that sense which will support it. *Starkie on Slander*, 51–56.

*By the Court*—Warner, J. delivering the opinion.

This was an action on the case, for words alleged to have been spoken, by the defendant in the Court below, of and concerning the plaintiff. On the trial of the cause the jury found a verdict for the plaintiff, for one hundred dollars. The counsel for the defendant in the Court below, made a motion for a new trial, on the ground, "that the words charged in the second count of the plaintiff's declaration, do not impute to the plaintiff any such disorder as would tend to exclude him from society, and therefore are not

Watson *vs.* McCarthy.

actionable *per se.*"    The words alleged to have been spoken by the defendant, in the second count, are—" You are a clappy d—d son of a bitch, and have been rotten with the clap this two or three years," inuendo, that the plaintiff had the gonorrhea, &c. The Court below overruled the motion for a new trial, and held the words to be actionable *per se*, whereupon the defendant excepted, and now assigns the decision of the Court below for error in this Court.    We are all of the opinion the Court below decided correctly in overruling the defendant's motion for a new trial, on the ground stated in the rule.

To charge one with a disease which would wholly, or *par- [1.] tially*, exclude him from society, is actionable.    *Starkie on Slander*, 97, 98, 99.    Mr. Starkie says, "actions for words of this description, seem, in the absence of special damage, to have been confined to charges of leprosy and *lues venerea.*

A distinction was attempted to be drawn by the plaintiff in error, between *lues venerea* and gonorrhea, contending that the latter was of milder character, and a different species of disease. In actions of slander, it will be recollected, words are to be taken in their common acceptation ; in the sense in which those to whom they are addressed understand them.

The disease imputed to the plaintiff by the defendant, no one could fail to understand ; and if he was in the condition which the defendant declared him to have been, we are of the opinion it would *partially*, if not wholly, exclude him from society ; it would most certainly exclude him from all *good society.*    Mr. Starkie, at page 99, after speaking of the charges of leprosy and *lues venerea*, remarks, "without citing the disgusting string of cases upon this subject with which the older reports abound, it may be deemed sufficient to observe, that whenever it can be collected from the circumstances, that the speaker intended the hearers to understand that the person spoken of, was at the time of speaking, afflicted with either of the disorders above mentioned, an action may be maintained."— *Sterling* vs. *Adams and wife*, 3 *Day R.* 312. *4 1 1.*

Let the judgment below be affirmed.