## Baltimore & Ohio Railroad Company v. Leach.

(Decided January 26, 1917.)

### Appeal from Scott Circuit Court.

1.  Trial—Instructions.—In a civil case, it is not the duty of the court
    to give an instruction to the jury bearing upon an issue, unless
    it is requested to do so by one of the litigants, but if the court
    should undertake to instruct upon the issue, it is its duty to give
    a correct instruction, and if a litigant offers an instruction, which
    is not correct, it is the duty of the court to refuse it and give one,
    which is correct.

2.  Carriers—Interstate Commerce—Construction of Contract.—The
    construction of a contract for an interstate shipment of goods
    is a federal question, and the rights and liabilities of the parties
    to an interstate shipment depend upon the acts of Congress, the
    bill of lading and the common law, as applied in federal tribunals.

3.  Carriers—Interstate Commerce—Carmack Amendment.—Under the
    Carmack Amendment to the Interstate Commerce Act, the con-
    necting carrier is the agent of the initial carrier for the trans-
    portation of the goods, and if the terminal carrier, for their
    delivery.

4.  Carriers—Interstate Commerce—Contract.—In a contract for an
    interstate shipment of cattle, which requires the shipper as a con-
    dition precedent to a recovery, to give notice of or to file his
    claim for loss or damages within a specified time with an agent
    of the contracting company, the contract may be fulfilled by giv-
    ing such notice or filing such claim with the proper agent of the
    terminal carrier, within the time and in the manner specified in
    the contract.

5.  Carriers—Interstate Commerce—Contract.—In a contract between
    an initial carrier and a shipper for the transportation of an inter-
    state shipment, where, as a condition precedent to the right of
    recovery, the shipper is required, within a specified time, to give
    notice of or to file a claim for damages for any loss or damages
    sustained by the goods while in transit, the stipulation is a valid
    one, if reasonable, but the carrier may waive the stipulation, and
    the agent of the terminal carrier, who makes the delivery, is
    authorized to make the waiver, as he is the agent of the initial
    carrier to make the delivery.

GIBSON & CRAWFORD and BRADLEY & BRADLEY for appel-
lant.

B. M. LEE for appellee.


RESPONSE TO PETITION FOR REHEARING BY JUDGE HURT
—Overruling.

This action was brought in the Scott circuit court by the appellee, J. G. Leach, against the appellant, Baltimore & Ohio Railroad Co., and the Cincinnati, New Orleans & Texas Pacific Railway Co., jointly, to recover from them, the damages alleged to have been sustained by the appellee from the negligence of the two railroad companies in unreasonably delaying the transportation of forty-one head of cattle from East St. Louis, Illinois, to Georgetown, in the state of Kentucky, and by negligently failing to properly water and feed them, while on the way. The negligence resulted, as is alleged, in the failure to deliver two of the cattle, they having died before the arrival at Georgetown, and in the death of one between Cincinnati and Georgetown, and the death of four others, within three or four days after their arrival at Georgetown, and injuries to the remaining ones from starvation and want of attention, while being transported. The trial of the action resulted in a judgment against the appellant in favor of appellee, who was the owner and shipper of the cattle, for the damages, and the judgment was affirmed upon appeal to this court.

The appellant, by its petition, seeks a rehearing in this court upon its contention, that the shipment was an interstate transaction, and that the bill of lading contained the contract between the shipper and the appellant, which was the initial carrier, and that the meaning and construction of the contract is a Federal question, and the construction to be placed upon such a contract by the courts of Federal jurisdiction is controlling. The soundness of this contention is conceded. It appears from the answer of the appellant filed in the action in the court below and which averment was not traversed, the bill of lading contained the following stipulation:

"That no claim for damages which may accrue to the said shipper under this contract, shall be allowed or paid by the said carrier, or sued for in any court by the said shipper, unless a claim for loss or damage shall be made in writing, verified by the affidavit of the shipper or his agent and delivered to the general freight agent of said carrier at his office in Cincinnati, Ohio, within five days from the time said stock is removed from said car or cars, and that if any loss or damage occurs upon the line of connecting carrier, then such carrier shall not be liable unless a claim shall be made in like manner,

and delivered in like time to some proper officer or agent of the carrier on whose line the loss or injury occurs.''

The Federal statute, known as the Carmack amendment, to the Interstate Commerce Act, was invoked and it was plead that the bill of lading was made and delivered to the shipper, under the provisions of that statute; and further, that the appellee did not within five days deliver a claim for damages in writing, verified by his affidavit or that of his agent, to the general freight agent of appellant at Cincinnati, Ohio, or to the connecting carrier, the Cincinnati, New Orleans & Texas Pacific Railway Co. These averments of the answer were undenied, but, instead, the appellee replied in avoidance of them, and alleged in a reply that immediately and upon the same day of the delivery of the cattle at Georgetown, Kentucky, he called upon the station agent of the Cincinnati, New Orleans & Texas Pacific Railway Co., at Georgetown, and had him to inspect the cattle and notified him of the failure to deliver two of the cattle and that he intended to make a claim for damages; that said agent inspected the cattle and then and there waived the requirement of the contract to file a written claim for damages within five days, verified by his affidavit, etc., but directed him to make out his claim for damages and to write a letter to him stating his account for the damages and enclose it with a copy of the bill of lading, and that would be all that was necessary for him to do in order to secure the damages, and that relying upon the waiver, he did not within the time required by the contract, make out the claim, verify it and file it as required by the contract, but relied upon the directions of the agent and did as directed by him, and that the appellant thereby waived the requirement of filing a written claim for damages, verified by his affidavit, with its general freight agent within five days. The appellant did not demur to the reply containing the allegations as to the waiver, as above stated, but made an issue thereon by traversing it of record by agreement with appellee, as is provided by the Civil Code.

At the conclusion of the evidence for appellee and at the conclusion of all of the evidence, the appellant moved the court to direct a verdict for it, but the motions were overruled in both instances. The court was not requested by appellant to instruct the jury upon the issue made as to the alleged waiver, and hence did not instruct

the jury as relating to that issue. Under subsection 5, of section 317, of the Civil Code, however, it is not the duty of the court to give instructions in a civil case, unless a party offers an instruction in writing, bearing upon the issue upon which the instruction is desired, and a party cannot complain that an instruction has not been given, when he has not requested the court to do so. L. H. & St. L. R. R. Co. v. Roberts, 144 Ky. 820; L. & N. R. R. Co. v. Harrod, 115 Ky. 877; C., N. O. & T. P. Ry. Co. v. Curd, 22 R. 1222; Nicola Bros. v. Hurst, 28 R. 87, and other cases holding similarly. As a matter of fact, there was sufficient evidence in support of appellee's claim of the waiver having been made to have submitted the issue to the jury, and to have sustained a verdict of the jury that it had been made, if, as a matter of law, the agent of the Cincinnati, New Orleans & Texas Pacific Railway Co., at Georgetown, Kentucky, was authorized to waive the requirement in the contract. Hence, it appears that with relation to the waiver in question, the appellant has no just cause of complaint, unless the court was in error in holding that the agent of the connecting carrier at the destination of the shipment was authorized to waive the requirement of the contract, which had been entered into between the appellant, as the initial carrier, and the shipper with relation to the time and manner in which and to whom a claim for damages should be made.

The appellant having failed to request the court to instruct the jury, relating to the waiver, now has no ground of complaint, unless the trial court was in error, in overruling its motion for a direct verdict, at the conclusion of the evidence.

It is contended in the petition for a rehearing, that the parties to a contract, such as is embraced in a bill of lading issued under the published tariffs and regulations of a railroad company covering a shipment of goods or cattle from a point in one state to a point in another, under the provisions of the Federal statute above mentioned, where the bill of lading is issued by an initial carrier, and the destination of the shipment must be reached over a connecting carrier, that the parties, as a matter of law, can not make a waiver of any requirement of the contract; that the Federal act enters into it and gives to it the same force as a statute. It must be conceded, of course, that parties in making a con-

tract are presumed to have in contemplation the exist-
ence of the laws in force where the contract is made,
and the contract must be construed in the light of such
laws, and while the laws will enforce the provisions of
the contract, if adhered to by the parties, yet, they
may ordinarily rescind or by further agreement one
party may waive a provision which is solely for his
benefit. It may be said, however, that the answer of
appellant does not show that the bill of lading, in the
instant case, was issued in accordance to or under the
published tariffs or regulations of appellant. There is
no direct averment nor proof, that the bill of lading was
issued in compliance with the provisions of the Interstate
Commerce Act. Passing this question, however, it may
be conceded that the rights and liabilities of a party to
an interstate shipment depend upon the acts of Con-
gress, the bill of lading and the common law principles,
as accepted and applied in Federal tribunals. C., N.
O. & T. P. Ry. Co. v. Rankin, 241 U. S. 319; M. K. &
T. Ry. Co. v. Harriman Bros., 227 U. S. 657; Adams
Express Co. v. Croninger, 226 U. S. 491; Northern
Pacific Ry. Co. v. Wall, 241 U. S. 87; Georgia, Florida
& Alabama Ry. v. Blish Milling Co., 241 U. S. 190. The
provisions in a contract governing an interstate ship-
ment, which requires the shipper to make a claim for
damages by notifying the agents of the connecting car-
rier, before the cattle are removed from the point of
destination and where received, or to make a claim in
writing within a specified time and to file it with some
designated agent of the initial or connecting carrier, as
a condition precedent to his right of recovery, is a pro-
vision made for the benefit solely of the carrier, and
under the common law such a provision of a contract
might be waived by the carrier. In M. K. & T. Ry. Co.
v. Harriman Bros., 227 U. S. 657, *supra,* it was held,
that the validity of any stipulation, in a contract for an
interstate shipment, which involved the construction of
the Interstate Commerce Act, and the validity of any
limitation, upon the liability there imposed, was a Fed-
eral question and should be determined under the gen-
eral common law. The opinion further said:

"The liability imposed by the statute is the liability
imposed by the common law upon a common carrier,
and may be limited or qualified by special contract
with the shipper, provided the limitation or qualification

be just and reasonable, and does not exempt from loss or liability due to negligence."

In Hutchinson on Carriers, vol. 1, section 444, it was stated as the rule of the common law, that a condition in a contract between a carrier and a shipper, which required that notice of claim must be presented within a given time, that the carrier may, either expressly or by conduct inconsistent with an intention to rely upon it, waive the benefit of the condition. In Howard & Callahan v. I. C. Ry. Co., 161 Ky. 783, and where the identical question, here being considered, was under consideration, it was expressly held by this court, that such a clause, in a contract for interstate shipment, between the shipper and the carrier, could be waived by the carrier. In that case the court said:

"In Railroad Company v. Kirkman, 63 Kan. 255; Kidwell v. Oregon Short Line R. Co., 208 Fed. Rep. 1; Clegg v. St. Louis R. Co., 203 Fed. Rep. 971, there are expressions to be found indicating that the court was of the opinion that a clause like the one here in question could not be waived; but we think an examination of these cases will show that these courts really said that the facts in the cases under consideration did not amount to a waiver, and not that a condition like this could not be waived under any circumstances. . . . . But whatever view other courts may entertain of this question, it is our opinion that the condition in the contract could be waived. . . . ."

In the same opinion, it was said:

"In Hinkle v. Southern Ry. Co., 126 N. C. 932; A. T. & S. F. Ry. Co. v. Wright, 78 Kan. 94, 95 Pac. 1132; Lasky v. Southern Express Co., 92 Miss. 268, 45 S. O. R. 689; Adams v. Colorado & Southern Ry. Co., 49 Col. 475, 36 L. R. A. (N. S.) 412; Hudson v. Northern Pacific Ry. Co., 92 Iowa, 231, 54 A. M. (S. T.) 550; Gilliland v. Southern Ry. Co., 85 S. C. 26; 27 L. R. A. (N. S.) 1106; A. T. & S. F. Ry. Co. v. Robinson (Okla., not reported) 129 Pac. 20; St. Louis & San Francisco R. R. Co. v. James (Okla., not reported) 128 Pac. 279, it was held that a provision like the one embodied in this contract of carriage could be waived, and upon principle there seems no good reason why this character of condition in a contract for carriage can not be waived."

The same view was held by this court in the case of C., N. O. & T. P. Ry. Co. v. Smith & Johnson, 165 Ky.

235. Under these opinions, there appears to be no reason why we should depart from the doctrine there held, until it shall be determined by the Federal tribunals, that the condition in a contract for the interstate shipment of goods, that requires notice to be given within a specified time, as a condition precedent to a right of recovery, can not be waived by the carrier. Four decisions of the Supreme Court of the United States, and which have been rendered since the submission of the instant case, in this court, are referred to by the appellant, and it is insisted by it, that these opinions determine the question contrary to the opinion of this court in I. C. R. R. Co. v. Howard & Callahan, *supra,* and C., N. O. & T. P. Ry. Co. v. Smith & Johnson, *supra.* The cases to which reference is made are Northern Pacific Ry. Co. v. Wall, 241 U. S. 87; Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Rankin, 241 U. S. 319; Georgia, Florida & Alabama Ry. v. Blish Milling Co., 241 U. S. 190; and Louisville & Nashville Railroad v. Croan & Griffin, decided by the Supreme Court of the United States on October 23rd, 1916. It, however, does not appear that the opinion in either of these cases is conclusive of the question under consideration here. In Northern Pacific Ry. Co. v. Wall, *supra,* there was a shipment of cattle from Montana to Chicago, Ill., and in the bill of lading there was a stipulation, which provided that the shipper could not make any claim for damages, unless before moving the cattle from the point of destination or mingling them with other cattle, he should give notice of his claim to some officer or station agent of the company. The Northern Pacific Ry. Co. was the initial carrier, but the delivery of the cattle at Chicago, was made by the Burlington Company, which was a connecting carrier. Notice in writing of the shipper's claim was not given before the cattle were removed from the place of destination and mingled with other stock and sold. The shipper instituted the suit in a court of original jurisdiction in Montana, and the trial court instructed the jury, that the stipulation in the contract as to notice of the claim for damages, before the stock was removed from the place of destination or mingled with other stock, was binding upon the plaintiff, and that he could not recover, unless the defendant, railroad company, had, expressly or impliedly, by its conduct, waived the giving

of the notice in accordance with the provisions of the contract. The Supreme Court of the state of Montana held that the stipulation was unreasonable and inoperative, because no officer or agent primarily employed by the Northern Pacific Company was accessible at the place of destination, and the contract excluded the giving of the notice to the agents of the connecting carrier. The Supreme Court of the United States held that the construction placed upon the contract by the Supreme Court of Montana was erroneous, in that it failed to give proper effect to the Carmack amendment, because it held that the contract could not be complied with by the shipper, by giving notice to an officer or station agent of the Burlington Company, the delivering carrier, instead of the initial carrier. The court in its opinion said:

"Thus, under the operation of the amendment, the connecting carrier becomes the agent of the receiving carrier for the purposes of completing the transportation and delivering the property. . . . .

"The shipment was to pass over both roads in reaching destination; the delivery at that place was to be made, as in fact it was, by an officer or station agent of the connecting carrier; and the stipulated notice was to be given before the cattle were removed from the place of destination or mingled with other stock, so that while it was yet possible from an inspection of them to ascertain whether the claim of injury, if any, was well founded. In these circumstances, it seems plain that the stipulation meant and contemplated that the notice might be given at the place of destination to an officer or station agent of the connecting carrier, and that notice to it in view of its relation to the initial carrier should operate as notice to the latter."

Hence, the court in this case held that such a stipulation in a contract for an interstate shipment to be valid, but held that the notice might be given to the agent of the connecting carrier, which makes the delivery, as the connecting carrier for the purposes of the transportation and delivery was the agent of the initial carrier, and although the trial court had held that such a stipulation in the contract might be waived, the Supreme Court in its opinion, does not reverse the judgment upon that ground, or hold that the stipulation could not be waived, but based its reversal upon the

fact that the Supreme Court of Montana had held that the condition was inoperative and could not be complied with by giving notice to some officer or station agent of the Burlington Company.

In Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Rankin, *supra*, the question of the power of a carrier in an interstate shipment to waive the requirement, in a contract for an interstate shipment, that the shipper must give notice of a claim for damages, within a specified time, was not a question for decision nor adverted to nor determined by the court. The principle declared in that opinion was, that the determination of the rights and liabilities of the parties to an interstate shipment and the construction and validity of the contract, under which they acted, depended upon the acts of Congress, the bill of lading and the common law rules as accepted and applied in Federal tribunals, and in support of that doctrine referred to and cited other authorities.

In Louisville & Nashville Railroad v. Croan & Griffin, *supra*, the question of the right of a carrier of an interstate shipment to waive the conditions in the contract, which required notice to the agents of the initial or connecting carrier before the removal of stock from their point of destination as a condition precedent to the right of the shipper to recover for loss or damage, was not in anywise involved in the action. There was no contention that any waiver had been made in that case and the decision of the court related solely to the validity of such a stipulation as is above described in a contract for an interstate shipment.

In Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., *supra*, the question of the waiver of a stipulation in the contract as to the giving of the notice of the claim for damages as a condition precedent to the right of recovery by the shipper was not under consideration and was not determined. In that case, the question, which was under consideration, chiefly, was whether the notice and claim required under the contract had been given, and the Supreme Court held, that as a matter of fact, the notice was given within the time specified in the contract. It seems that the view taken of the matter by the shipper and by the Supreme Court of Georgia was, that the notice of the claim for damages had not been given, and to avoid the requirement in the contract that it should be given, the ship-

per was insisting that his form of action, which was in trover, made it unnecessary that he should have given such notice. The court in discussing that view of the case made use of the language relied upon by the appellant as determining that such a condition in a contract of interstate shipment can not be waived by the parties. The effect of a direct waiver of such a condition by the party in interest and by his agreement was not before, nor considered by the court. Hence, there does not seem any justification for us to change the rule of this court relating to such question, and which has heretofore been declared and established, as the language used in the opinion is not sufficiently decisive nor near enough related to the question under consideration here to be regarded as controlling it.

On December 4th, 1916, the case of Chesapeake & Ohio Ry. Co. v. McLaughlin, was considered by the Supreme Court of the United States. In that case, the contract between the initial carrier and the shipper was identical with the stipulation in the contract, in the instant case, relating to the notice of the loss or damage and the time in which and the party to whom the notice was required to be given. In that case it was held that the stipulation was a valid one, the court, however, saying in its opinion:

"It conclusively appears that McLaughlin did not present a verified claim to the carrier's agent, as provided by the contract. Upon its face, the agreement seems to be unobjectionable, and nothing in the record tends to establish circumstances rendering it invalid or excuse failure to comply therewith."

The court also cites the opinions above referred to, as rendering unnecessary any further discussion of the reason for the conclusion it arrived at. It seems, however, that the rule there declared was, that such a stipulation in a contract was valid and binding upon the shipper, unless there was something in the record showing circumstances, which rendered it invalid or to excuse failure to comply with it. If such a condition in such a contract has the inflexibility of a statute, and the party for whose benefit, solely, it exists, is powerless to waive, it can readily be seen, that, in many instances, the condition would be so unreasonable, as to deny the shipper all remedy, because, in all probability, he would not be able to learn which one of the carriers, over which

the shipment came to him, had caused the loss or injuries, until more than five days had elapsed, and if he made a mistake in giving notice of his claim for damages to one of the carriers, which had not caused the loss or damage, he would be without remedy. Construing the contract, however, as in Northern Pacific Ry. Co. v. Wall, *supra,* to the effect, that such a stipulation, in such contract, could be complied with, by the shipper, by giving notice to the agents of the connecting carrier at the point of delivery, would make the stipulation fair and reasonable, in most instances, to both parties. In I. C. R. R. Co. v. Howard & Callahan, *supra,* this court held that the agent, to whom notice of the loss or damages should be given by the requirements of the contract, had authority to waive the condition. Hence, we conclude that in the instant case, the agent of the delivering carrier, at the point of delivery, was the agent of the initial carrier for the purposes of the delivery, and as such, if notice in writing, verified by the affidavit of the shipper, of the claim for loss or damages, had been given to him within five days after delivery of the shipment, it would have been a fulfillment of the requirements of the contract, and hence such agent was authorized to waive the stipulation in the contract as to the time within which the claim for damages should be made, and the manner in which it should be made, and such waiver would excuse failure to comply with it, as stated in Chesapeake and Ohio Ry. Co. v. McLaughlin, *supra.*

The petition for rehearing, as well as the written motion filed to set aside the judgment, which could only have the effect of a petition for rehearing, are overruled.