## Deer Creek Mining Company v. Moore, et al.

(Decided October 19, 1923.)

Appeal from Crittenden Circuit Court.

1. Trial—Duty of Court to Give Written Instructions where Offered. —A court is not required to give any instructions in a civil case unless written instructions are offered, but when written instructions are offered the court is thereby requested to instruct the jury in writing upon all questions at issue upon the pleadings and

proof that are presented, whether correctly or not, by the offered instructions, and it is error for the court to refuse to give the offered instructions if correct, or others prepared by the court in writing correctly presenting the issues thus tendered, under Civil Code of Practice, section 317.

2.    Trial—Instruction Held Erroneous as Ignoring Issue and Leaving Question of Law to Jury.—An instruction was erroneous, where it ignored the issue of adverse possession and left to the jury all questions of law and fact, by simply directing the jury to find for defendants "if you believe from the testimony in this case that the line here (indicating on the plat) is the correct line" but for the plaintiff "if you believe this is a correct line here (indicating on the plat)."

G. L. DRURY and J. W. BLUE, JR., for appellant.

T. C. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The issue in this case is the true location of a division line between the lands of the parties as described in their title papers and as affected by adverse possession.

At the close of the evidence, the appellant offered two written instructions presenting its view of the law upon these issues if the jury should believe its evidence. The court refused to give either of the offered instructions, or to instruct the jury in writing, and gave oral instructions, to all of which appellant objected and excepted, and because thereof asks a reversal.

Under our code of practice, a court is not required to give any instructions in a civil case unless written instructions are offered by a party (B. & O. R. Co. v. Leach, 173 Ky. 452, 191 S. W. 310), but when written instructions are offered, the court is thereby requested to instruct the jury in writing upon all questions at issue upon the pleadings and proof that are presented, whether correctly or not, by the offered instructions (Bell's Admr. v. Louisville Ry. Co., 148 Ky. 189, 146 S. W. 383), and it is error for the court to refuse to give the offered instructions if correct, or others prepared by the court in writing correctly presenting the issues thus tendered. L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073; Traders' Deposit Bank v. Henry, 105 Ky. 707, 49 S. W. 536; Ferguson v. Fox, 1 Metc. 83; L. & N. R. R. Co. v. Banks, 17 Ky. L. R. 1065, 33 S. W. 627; Webster v. Green, 60 S. W. 714, 22 Ky. L. R. 1456; Civil Code, section 317.

Hence the court erred in refusing to give written instructions and in instructing the jury orally. Moreover, the instructions given entirely ignored the issue as to adverse possession presented by the pleadings, proof and offered instructions, and did not adequately or correctly present any issue, but left entirely to the jury all questions of law and fact, since they simply directed the jury to find for the defendants "If you believe from the testimony in this case that the line here (indicating on the plat) is the correct line," but for the plaintiff "if you believe this is the correct line here (indicating on the plat)."

Wherefore the judgment is reversed, and the cause remanded for a new trial consistent herewith.