## Hodgkin v. Louisville & Nashville Railroad Company.

(Decided June 20, 1924.)

### Appeal from Estill Circuit Court.

1. Trial—Court Need Not Give Instructions in Absence of Offer in
   Writing.—Court is not required to give any instruction in a civil
   case, unless written instructions are offered.
2. Trial—Waters and Water Courses—Instruction as to Damage for
   Insufficiency of Culvert Held Proper—"Accumulating"—"Falling."
   —Court properly limited recovery to landowner to damages re-
   sulting from insufficiency of railroad culvert in question to carry
   off water accumulated on his land after usual and ordinary rain-
   fall as against contention that it covered only water falling on
   land, word "accumulating" not being synonymous with word
   "falling," and court did not err in failing to add to instruction,
   "together with the usual and ordinary floatage, debris, etc.," where
   there was no evidence offered as to such.
3. Waters and Water Courses—Outlet Required by Railroad Culvert.
   —A railroad in constructing a culvert was not required to pro-

vide outlet for any more water than would result from usual and ordinary rainfalls such as might be expected to occur.

RIDDELL & SHUMATE for appellant.

. WOODWARD & WARFIELD, R. R. FRIEND and HUNT, NORTH-CUTT & BUSH for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The jury below found for appellee in an action begun by appellant wherein he sought to recover of appellee $12,000.00 for damages to his property by overflows of Chamberlain branch in 1917 and 1920, caused, as he claims, by appellee. The appellant's property lies in the valley of Chamberlain branch. This stream is a tributary of the Kentucky river and has a watershed of about 250 acres, the greater part of which is very steep. This branch is about two miles long, and the appellant's property adjoins the property owned by the appellee, on the upstream side. Many years ago a railroad was constructed on the property now owned by appellee, and in its construction a fill was made across the entire valley of the Chamberlain branch. A box culvert under this fill was provided as an outlet for the water. The appellee having acquired this property, widened this fill very much, about the year 1913, and the length of this box culvert was increased from about twenty feet to something like five hundred feet. The entire width of the fill made by appellee was about five hundred feet. This fill was about twenty-five feet high.

At the time this fill was enlarged, the appellee removed the old wooden box culvert, and put in a concrete culvert three feet wide and three feet high. This was the only outlet provided for the water and appellant alleges that it was insufficient. Having lost his case, he has appealed to this court, and makes several complaints of the trial below. His first complaint is that the court gave no instructions to the jury upon the question of damages done by the overflow in 1920. Appellant, however, made no request for instructions upon that point and offered no instructions on any point in the case. He is in no position to complain, as a court is not required under the law of this Commonwealth to give any instruction in a

civil case, unless written instructions are offered. Deer Creek Mining Co. v. Moore, 200 Ky. 553.

The court limited the appellant's recovery to the damages resulting from the insufficiency, if any, of the culvert in question to carry off the water accumulating on this land after usual and ordinary rainfalls. He contends that it was error to limit his recovery to the damages resulting from the water accumulating on his land. From his complaint it seems that he regards the word "accumulating" as being synonymous with the word "falling," which is not true. The waters that accumulate on his land are composed of both the water that falls thereon and the water that flows on to it from the lands of upper proprietors. He insists that there should have been added to this instruction the words, "together with the usual and ordinary floatage, debris, etc.," but as there was no evidence offered of any floatage, debris, etc., no instructions should have been given thereon. Penn. Furn. Co. v. Ratliff, 194 Ky. 162; Edge v. Ott, 151 Ky. 672.

He further contends that this instruction is erroneous because the court used the words "usual and ordinary rainfalls." He insists that these words should not have been used, as the use of them relieves the appellee of any responsibility for damages that might result from an extraordinary rain. We cannot agree with the appellant. The appellee was not required to provide outlet for any more water than would result from usual and ordinary railfalls such as might be expected to occur. Greiner v. Alfred Struck Co., 161 Ky. 793.

The appellant also contends that the verdict is flagrantly against the evidence. The evidence shows that the water got about twelve feet deep on a portion of his property, and to us it appears, in view of the proof in the case, that the size of the culvert must have been insufficient, but the jury saw the premises, which we have not seen, and saw the witnesses face to face. This gave the jury a great advantage over us, and there is no good reason that its verdict should be disturbed.

The judgment is affirmed.