## Sally v. Brown.

(Decided June 17, 1927.)

### Appeal from Perry Circuit Court.

1. Attachment.—Under Civil Code of Practice, section 268, subd. 2, plaintiff may be permitted, after motion to discharge, to amend petition for attachment, based on defendant's lack of property to satisfy plaintiff's claim, by alleging defendant is about to sell property with fraudulent intent to delay creditors, and particularly defendant.

2. Words and Phrases.—Clap is the vulgar name for "gonorrhea," a contagious inflammatory disease of the genitourinary tract, caused by a specific microorganism, the gonococcus, and affecting especially the urethra in the male and the vagina in the female.

3. Libel and Slander.—In action of slander, words are to be taken in their common acceptation in sense in which those to whom they are addressed understand them.

4. Libel and Slander.—In action for slander against defendant, who stated that plaintiff was "eat up with clap," disease imputed to plaintiff would partially, if not wholly, exclude him from society, if true, and hence words are "actionable per se."

5. Libel and Slander.—In action for slander against defendant, who stated plaintiff was afflicted with clap, evidence of defendant's

statement to another person than one named in petition as to plaintiff's having gonorrhea held admissible to show malice and for purpose of enhancing damages recoverable.

6. Trial.—Admission of other words spoken by defendant similar to defamatory words sued on held not objectionable for failure to limit their consideration to proof of malice, where motion to so limit words was not made.

7. Trial.—Under Civil Code of Practice, section 317, subd. 5, either party may ask written instructions to jury on points of law; court not being required to give whole law of case in civil action.

8. Trial.—Failure of defendant to request instruction on purpose for which jury could consider evidence held waiver of right to ask for admonition limiting purpose for which evidence could be considered; court not being required to give admonition in absence of request.

9. Libel and Slander.—In action for slander against defendant, stating plaintiff was "eat up with clap," proof establishing speaking of words which were actionable justified overruling of defendant's motion for instruction to peremptorily find for him.

10. Libel and Slander.—Amount of damages to be awarded in action for slander rests in sound discretion of jury.

11. Libel and Slander.—Damages of $500 in action for slander, based on defendant's statement that plaintiff was "eat up with clap," held not excessive.

12. Attachment.—In action for slander, plaintiff cannot attach defendant's property, under Civil Code of Practice, section 194, subd. 1(8), on ground that defendant has not enough property in state to satisfy plaintiff's claim which is just and due, since action was not to recover on contract, judgment, or award.

13. Attachment.—In action for slander, evidence held insufficient to sustain attachment of defendant's property, under Civil Code of Practice, section 194, subd. 1(8), on ground that defendant was about to sell his property with intent to cheat and delay creditors.

SAUFLEY & WARD and J. W. CRAFT for appellant.

T. E. MOORE, JR., and W. A. STANFILL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This appeal is prosecuted by Shilo Sally from a $500 judgment for slander recovered against him by Corbett Brown. These men had been, at the August primary, 1926, rivals for nomination as candidate for the office of justice of the peace for the Fourth district of Perry county. This was a bitter struggle; Brown was successful, and Sally appears to have been chafed by his defeat.

It is claimed that on October 15, 1926, in a conversation with Ed Griffith, a brother-in-law of Corbett Brown, Shilo Sally said to Griffith, of and concerning Brown, "Oh, yes, your brother-in-law is eat up with the clap." Brown sued for damages and took out an attachment, which was levied on Sally's property. The ground on which he sought this attachment, as stated in his petition, was:

> "The plaintiff says that the defendant has no property in this state subject to execution, or not enough thereof to satisfy this plaintiff's claim; that his claim is just and due and no part thereof has been paid."

Sally moved to discharge the attachment, whereupon Brown was permitted to amend his petition, and in his amendment he alleged that:

> "The defendant is about to sell or otherwise dispose of his property with the fraudulent intent to cheat, hinder, and delay his creditors, and particularly the claim of this plaintiff."

This amendment was permissible under subsection 2 of section 268 of our Civil Code. Sally's answer was a general denial of the petition, and of the grounds of the attachment. He renewed his motion to discharge the attachment, evidence was heard upon this motion, and the court ordered the attachment discharged as to a portion of Sally's property, but sustained it as to some of Sally's property. Sally's demurrer to the petition was overruled, and the correctness of that ruling is the first question.

Clap is the vulgar name for gonorrhea, a contagious inflammatory disease of the genito-urinary tract, caused by a specific microorganism, the gonococcus, and affecting especially the urethra in the male and the vagina in the female.

> "The general rule is that to charge one orally with a disease which would wholly or partially exclude him from society is actionable per se, this being an exception to the rule that the words must contain an imputation of some criminal offense for which corporal punishment may be inflicted. This principle has been applied to venereal disorders," etc. 36 C. J. p. 1167.

In actions of slander, words are to be taken in their common acceptation; in the sense in which those to whom they are addressed understand them. The disease imputed to the plaintiff by the defendant no one could fail to understand, and, if he was in the condition which the defendant declared him to have been, we are of the opinion it would partially, if not wholly, exclude him from society; it would most certainly exclude him from all good society.

In the case of Watson v. McCarthy, 2 Ga. 57, 46 Am. Dec. 380, it was expressly held that to charge a person with having the clap is actionable per se. Therefore Sally's demurrer to the petition was properly overruled.

His next complaint is addressed to this taken from the evidence of Dr. B. S. Walden:

"Q. What, if anything, did Shilo Sally say to you about Corbett Brown? (Defendant objects; court overruled; defendant excepts.) A. I don't remember the exact words. In the conversation he asked me if Corbett Brown didn't have a case of gonorrhea; that he heard he had one, I think; and he asked me if I was treating him."

In Cushing v. Hederman, 117 Iowa, 637, 91 N. W. 940, 94 Am. St. 320, we find this, supported there by many authorities:

"It is further contended for appellant that evidence of the speaking of words of similar import to another person than the one named in the petition was not admissible; but we understand it to be well settled that the speaking of similar words to others may be proven for the purpose of showing malice in the speaking of the words charged, and with reference to which damages are claimed."

We regard this evidence as admissible for the purpose of enhancing the damages recoverable. The speaking of these words necessarily implied malice, but his evidence was competent in aggravation of it.

In the case of Register Newspaper Co., etc., v. Worten, 111 S. W. 698, 33 Ky. Law Rep. 840, we said this:

"It has long been the law that any other words written or spoken by the defendant of the plaintiff, either before or after those sued on, or even after the commencement of the action, are admissible to

show the animus of the defendant; and for this purpose it makes no difference whether the words tendered in evidence be themselves actionable or not, or whether they be addressed to the same party as the words sued on or to some one else. . . . 'As in such a case the degree of malice prompting a slander either aggravates or mitigates the wrong, and consequently may either augment or diminish the rightful damages, proof of reiterated utterances of the same or other defamatory words may be admissible to show the malignity which impelled the publication charged in the suit, and the spirit and intention of its utterance.' ''

The motion made by the defendant, Sally, to exclude the evidence of Dr. Walden from the consideration of the jury, was properly overruled. Sally is insisting here, upon the authority of the Register Newspaper case, that the jury should have been admonished by the court that this evidence of Dr. Walden should be considered by them as affecting the question of malice only, and, if he had made such a motion the court should have sustained it; but he failed to do so.

"The fact that evidence offered for one purpose, but not generally, may be erroneously applied by the jury, does not permit the court to exclude it, though the purpose for which the evidence may be considered must, on proper application, be limited by the court, for the jury is authorized to consider it only for the purpose for which it was admitted." 26 R. C. L. p. 1033.

We find practically this same rule in 38 Cyc. p. 1756, and that is followed by a statement that a failure to instruct the jury as to the purpose for which evidence which has been admitted may be considered and to limit the consideration to those purposes is not assignable as error, unless the court is requested so to charge; it being the duty of the party claiming that the effect of the evidence should be limited to ask an instruction to that effect. The court is not required to give the whole law of the case in a civil action. By subsection 5 of section 317 of the Civil Code, either party may ask written instructions to the jury on points of law. We have held in the recent case of Wolfinbarger v. Stanton, 220 Ky. 451, 294 S. W. ——, that the court is not required to

give written instructions, unless such are requested, and we cited there the case of Deer Mining Co. v. Moore, 200 Ky. 553, 255 S. W. 123. Certainly the court was under no obligation to give to the jury an admonition limiting the purposes for which they should consider this evidence, unless such admonition was requested. The failure of the defendant to ask that the jury be told of the purposes for which they could consider this evidence was a waiver of his right to ask for such admonition.

At the conclusion of the evidence for Brown, and again at the conclusion of all the evidence, the defendant, Sally, moved the court to instruct the jury peremptorily to find for him. The proof by the plaintiff's witnesses clearly established the speaking of the words charged, and, if those words were actionable, this motion was properly overruled, and we have already said they were.

The amount of damages to be awarded rests in the sound discretion of the jury. The jury does not appear to have abused its discretion, the speaking of the words was sufficiently established, and we find no merit in Sally's contention that the verdict is excessive.

Coming now to the question of the attachment, we find that the first ground relied upon by the plaintiff was an effort under subsection 1 (8) of section 194 of the Code, but that position was untenable, because this was not an action to recover money due upon a contract, judgment, or award. His amended petition was an effort under subsection 1 (8) of section 194 to have the court seize the property of the defendant, Sally. Sixteen pages of evidence heard upon the motion to discharge this attachment are before us. Nearly the whole of it is directed to the first ground relied on by plaintiff. There is only one question directed to the second ground, and in that question Sally was asked if it was true that he was about to sell or otherwise dispose of his property with the fraudulent intent to cheat, hinder, and delay his creditors, particularly the plaintiff, and he said it was not true. That is all the evidence that was heard upon this ground of the attachment. Brown offered no evidence which would give any indication that Sally was endeavoring to or was about to make any sale or disposition of any of his property. The court should have sustained the motion to discharge the attachment.

To that extent, the judgment is reversed as erroneous. In all other respects the judgment is affirmed.