## Hoopes Brothers & Thomas Company v. Adams, et al.

(Decided October 25, 1927.)

Appeal from Letcher Circuit Court.

1. Corporations.—Foreign corporation's violation of Ky. Stats., sec. 571, by not filing name of agent on whom process may be served, is no defense to its suit for money due from its soliciting agent.

2. Trial.—Where neither party offered written instructions, court was authorized to submit matters in issue without instructions.

3. Principal and Agent.—Where it was not alleged, in action against agent for money due principal, that defendant was authorized to change terms of original contract on sales of nursery stock for spring delivery, but only that plaintiff instructed defendant that it would replace all dead stock of fall delivery, evidence of plaintiff's guaranties of stock for spring delivery and customers' refusal to accept same was incompetent.

HAWK & LEWIS for appellant.

ROBERT BLAIR, SR., for appellees.

Opinion of the Court by Judge McCandless—Reversing.

The plaintiff is a corporation conducting a nursery at Chester, Pa. On the 23rd of August, 1923, it contracted in writing with Spencer Adams for him to represent it as a solicitor in Letcher county, Ky., for the ensuing year; it being provided:

"That he (Adams) will sell according to price list and use the blank forms furnished him by the party of the second part from time to time; that he will not sell or agree to sell on credit or warrant the stock to live or agree to replace the stock that may die from any cause whatever without a written con-

sent of the party of the second part is obtained thereto.''

It was further provided that he should receive the stock at the depot, deliver it to his patrons, and collect therefor. On good and solvent contracts the company advanced him as high as 25 per cent. of the order; it being provided that within 30 days after the receipt of the goods he would remit the company 60 per cent. of the face value of the orders and reimburse it for any advancements made him, and as the compensation he was to receive the remaining 40 per cent. of the sales. By separate indorsement, J. D. Pendleton executed this contract as guarantor. Spencer's fall orders aggregated $584.50, 60 per cent. of which amounted to $350.70; he also received cash advancements of $108.08, or an aggregate of $458.78, upon which he remitted the sum of $150, leaving a balance apparently due the company of $268.85; he also sent in spring orders amounting to $932.45, 60 per cent. of which is $559.47, upon which he paid $298.30, leaving a balance on spring orders of $261.17. The company filed this action against Adams and Pendleton to recover entire balance, $570.05. The answer admitted the above facts, but alleged that plaintiff delayed the fall delivery, and in order to induce the purchasers to accept that stock it instructed Adams in writing that it would replace all dead stock of that delivery within a certain time, and that he so agreed with the customers; and demanded credit for $268.85 as the aggregate amount due by such customers who had lost their stock and refused to pay; he also claimed there was a shortage in the stock amounting to $26.65, the total credits claimed in the answer being $295.60, leaving an admitted balance due plaintiffs of $274.45. Defendant also pleaded that plaintiff had not complied with the provisions of section 571 of the statute by filing in the office of the secretary of state the name of its agent upon whom process could be served. The evidence indicated that the fall delivery was delayed, and as to it defendant introduced a letter from plaintiff authorizing him upon delivery to guarantee the stock living, but it made no reference to the spring stock. Notwithstanding the fact that the answer raised no issue as to the spring stock, the court permitted evidence over plaintiff's objection as to guaranties plaintiff made in selling such stock and of the refusal of the customers to

pay therefor. At the close of the evidence the defendants moved for a peremptory instruction, which was overruled. Neither plaintiff nor defendant offered any other instructions, and the court told the jury to make a verdict, to which defendants excepted, and the jury returned a verdict for defendant.

1. We have held in a number of cases that a violation of section 571 of the Statutes is not a defense in suits of this character. Williams v. Dearborn Truck Co., 218 Ky. 271, 291 S. W. 388; Falls City Machinery & Wrecking Co. v. Sobel-Mark Furniture Co., 219 Ky. 195, 292 S. W. 814.

2. As neither party offered written instructions, the court was authorized to submit such of the matters as were in issue without instructions. Chas. Taylor Sons v. Hunt, 163 Ky. 130, 173 S. W. 333; Hodgkin v. L. & N.R. R. Co., 204 Ky. 339, 264 S. W. 760; Deer Creek Mining Co. v. Moore, etc., 200 Ky. 554, 255 S. W. 123; B. & O. R. R. Co. v. Leach, 173 Ky. 452, 191 S. W. 310. However, as pointed out above, there was due plaintiffs on the face of the pleading the sum of $274.35 as uncontested, for which he should have had judgment. Also the evidence introduced as to the guaranties of stock for spring delivery and the refusal of customers to accept same is incompetent under the pleading, as it is not alleged that defendant was given any authority to change the terms of the original contract on sales for spring delivery.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.