# Butler v. Toole, et al.

(Decided March 16, 1928.)

## Appeal from Grant Circuit Court.

1. Appeal and Error.—Appellant could not complain on appeal of court's failure to submit defensive issue to jury, where he had offered no written instruction therefor.

2. Trial.—In purchaser's suit for rescission of contract for purchase of rock crusher, failure to submit defensive issue that crusher did not operate properly because plaintiffs failed to supply it with sufficient power or were unskillful in management of crusher held not error, in view of issues submitted raising question whether crusher was properly operated.

F. A. HARRISON for appellant.

L. M. ACKMAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellees W. L. Toole and Leslie Toole, whom we shall call the plaintiffs, on the 13th of April, 1926, bought of S. W. Butler a rock crusher at the agreed price of $500. On May 13, 1926, they sued Butler to recover the consideration and rescind the contract, basing their action upon an alleged warranty of the crusher. On motion of the defendant, the case was transferred to the equity side of the docket. On motion of the plaintiffs, the court submitted to a jury three questions out of chancery: (1) Did the defendant warrant or guarantee that the crusher sold to plaintiffs was in good condition and would, if properly operated, crush from forty to fifty perch of stone, two inches in size or under, per day without the use of an iron bar to press or force the stone into the mouth or jaws of the crusher? (2) If you answer question (1) "Yes," was said crusher in the condition and, when properly operated, capable of performing its work as warranted? (3) Did plaintiffs return and tender said crusher back to defendant in as good condition as it was when purchased by them, reasonable wear and tear excepted? The jury answered question (1) "Yes,"; question (2) "No"; and question (3) was answered, "Yes." Judgment was entered by the court granting the relief plaintiffs sought.

Butler had alleged in his answer that if the crusher would not operate or function, it was because plaintiffs

did not supply it with sufficient power or were unskillful in the management of it, and by reply the plaintiffs put that in issue. Butler's ground for reversal is that the court erred in not submitting this issue to the jury. His position is not well taken. First, because he had offered no written instruction submitting that question to the jury. See Sally v. Brown, 220 Ky. 576, 295 S. W. 890. Moreover, the furnishing of sufficient power and skillful management were elements entering into proper operation of the crusher, and this issue was fully submitted to the jury in questions (1) and (2), both of which were conditioned that the crusher be properly operated.

The judgment is affirmed.