On writ of certiorari (330 U. S. 815) to review a judgment of the Court of Claims holding that plaintiff was not entitled to recover liquidated damages deducted under the provisions of a contract for the delivery of dried eggs on stipulated dates and in accordance with stated conditions.
The judgment of the Court of Claims was reversed by the Supreme Court in an opinion delivered by Mr. Justice Douglas.
The syllabus of the Supreme Court’s decision is as follows:
1. Pursuant to a program for aiding England and Russia under the Lend-Lease Act of March 11, 1941, petitioner contracted to supply to the Federal Surplus Commodities Corporation a quantity of dried eggs. The contract specified “May 18 [1942] delivery,” which date “shall be the first day of a 10-d.ay period within which the FSCC will accept delivery, the particular day within the period being at the FSCC’s option”; required petitioner to have the eggs inspected and that delivery be accompanied by inspection and weight certificates; and provided that “failure to have specified quantities of dried egg products inspected and ready for delivery by the date specified in the offer” would make operative a provision for “liquidated damages.” It did not provide for notice to the Government when the shipments were ready. Inspection and certification, though not completed by May 18, were completed prior to the dates designated by the FSCC for deliveries; and petitioner made timely deliveries pursuant to instructions. Held: The provision for “liquidated damages” constituted a penalty and was not enforceable.
2. The contract is construed to mean that the time for delivery by petitioner was not May 18, 1942, but the time or times chosen by the FSCC within the 10-day period which began on May 18; i. e., performance was not due until request was made and instructions given for delivery.
*871 8. Since the provision in question did not cover delays in deliveries, it could not possibly be a reasonable forecast of just compensation for damage caused by breach of contract.
4. Congress did not expressly grant the power to impose penalties as sanctions to the program adopted pursuant to the Lend-Lease Act; and that, power may not be implied.
Mr. Justice Black, with whom Mr. Justice Murphy agreed,, filed a dissenting opinion, holding that the judgment of the Court of Claims should be affirmed.
Mr. Justice Frankfurter also filed a dissenting opinion, in which Chief Justice Vinson joined.