PIPELINES, INC. and Frank Vogler, a Joint Venture, Appellant,

v.

MUHLENBERG COUNTY WATER DISTRICT and Muhlenberg County Water District No. 3, Appellees.

Court of Appeals of Kentucky.

April 2, 1971.

Charles C. McConnell, Louisville, for appellant.

Sam T. Jarvis, Jarvis, Cornette & Payton, Greenville, for appellees.

STEINFELD, Judge.

Several suppliers of materials filed suits to enforce materialman's liens. Among the defendants were Muhlenberg County Water District (hereinafter District 1), Muhlenberg County Water District No.

3 (hereinafter District 3) and Pipelines, Inc. and Frank Vogler, a joint venture, (hereinafter Pipelines). Pipelines had contracted to construct two water systems for District 1 and one water system for District 3. The suppliers' claims were satisfied leaving only the controversies presented by the cross claims between the water districts and Pipelines.

The jury awarded Pipelines $25,000 from District 1 for damages, for extra work and for changes, and allowed District 1 as liquidated damages and for other losses $37,964.99 plus $575.00 the amount required to complete certain minor items. It awarded District 3 as liquidated damages and for other losses $7,577.09 plus $550.00 to complete minor items. Judgment was entered accordingly on October 31, 1969, from which Pipelines appeals. The sole issue raised by appellant is whether the water districts are entitled to recover liquidated damages for alleged delay in the completion of the contracts. Pipelines contends that they are not, and that there was no delay which was not caused by the districts or their engineer. We affirm.

 The districts contend that appellant did not perfect its appeal within the time and in the manner prescribed by CR 11 and CR 73.02(1), wherefore, they say we should dismiss the appeal.[1] In the trial court they unsuccessfully attacked the notice of appeal. They are complaining of a ruling adverse to their position from which they did not appeal and they did not move to dismiss in this court, therefore, it is impermissible for them to argue in their brief that the appeal should not be considered. Cf. Reed v. Reed, Ky., 457 S.W. 2d 4 (1969). District 1 also complains that a "No Damage Clause" in the contract made an award for damages from it to Pipelines impermissible. For the same reason we cannot consider this contention.

The contracts entered into by Pipelines with District 1 and District 3 contain the same general description as to duties and responsibilities of the parties, except that the contractual amount of liquidated damages was fixed at $85.00 per day with District 1 and $70.00 per day with District 3 for tardy completion.

The following summary prepared by counsel for appellant (which the court has found quite helpful) depicts the time schedule and the delays claimed.

### District 1

| Contract 1 | | |
|---|---|---|
| Contract completion date, August 5, 1967 | | 300 days |
| Change orders 1, 2, 3 | add | 12 days |
| Change order 4 | add | 80 days |
| Date District claims Contract was completed, (except change order 4) | | March 4, 1968 |
| Date District claims change order was completed | | May 22, 1968 |
| Total days District claimed Contract should have been completed | | 392 days |
| Total days District 1 claimed Contract was actually completed | | 695 days |
| Days of delay claimed by District 1 | | 267 days |
| Date Pipelines claims facilities ready for use | | September 2, 1967 |

| Contract 2 | | |
|---|---|---|
| Contract completion date, August 5, 1967 | | 300 days |
| Change order 1 | add | 1 day |
| Time of actual completion as claimed by District | | February 2, 1968 |
| Total days District claims Contract should have been completed | | 301 days |
| Total days District claims Contract was completed | | 480 days |
| Days of delay claimed by District | | 179 days |
| Date Pipelines claims facilities ready for use | | November 2, 1967 |

### District 3

| | | |
|---|---|---|
| Contract completion date, February 18, 1968 | | 300 days |
| Change order 2 | add | 11 days |
| Date District claims Contract was completed | | June 17, 1968 |
| Total days District claims Contract should have been completed | | 311 days |
| Total days District claims Contract was actually completed | | 419 days |
| Delay in completion claimed by District | | 108 days |
| Date Pipelines claims facilities ready for use | | April 30, 1968 |

 Pipelines argues that it was entitled to a directed verdict or a judgment notwithstanding the verdict on the districts' claims for liquidated damages because "Liquidated damages are not allowable on the contracts

---

1. Different counsel represented appellant in the trial court than present counsel.

which are the subject of this action." It says that the provisions calling for payment of per diem amounts for failure to complete the work within the time allowed were penalties and not liquidated damages. It cites several cases to support this contention. We deem it unnecessary to attempt to explain or distinguish those authorities. A public body may and usually does require contractors engaged in public work to agree to pay specified amounts for failure to complete the work within the agreed time. Maryland Casualty Company v. Ballard County, 217 Ky. 343, 289 S.W. 316 (1926); 13 Am.Jur.2d 87, Building and Construction Contracts, § 86; 43 Am.Jur.2d 77, Public Works and Contracts, § 78. In Gustav Hirsch Organization, Inc. v. East Kentucky Rural Electric Cooperative Corporation, 201 F.Supp. 809 (E.D.Ky.1962), it was written:

"The weight of authority on the subject seems to be that where at the time of the execution of the contract the probable damages are uncertain and difficult to ascertain and the amount stipulated is not so extravagant or disproportionate as to show fraud, mistake, circumvention or oppression, there is no sound reason why persons competent and free to contract may not agree upon this subject as fully as upon any other, or why their agreement, when fairly and understandingly entered into, with a view to just compensation for the anticipated loss, should not be enforced. Wise v. United States, 249 U.S. 361, 365, 39 S.Ct. 303, 63 L.Ed. 647; Priebe & Sons v. United States, 332 U.S. 407, 411–412, 68 S.Ct. 123, 92 L.Ed. 32 [109 Ct.Cl. 870.]"

■ Pipelines denies that it may be faulted for the extra time used for completing the work. The contracts provided that: "If the total amount of work done under the contract is increased or decreased, the number of days for completion of the work shall be increased or decreased in proportion." The contractor claims " * * * that changes, extra work, and work stoppages all caused by the en-

gineer were responsible for 176 additional days to complete the * * *" work. Interrogatories were submitted to the jury. Number 8 was as follows:

"Do you believe from the evidence that the engineer, inspector, agents or servants of the water districts involved, were not fair or unbiased (sic) in inspecting, interpreting, or applying the terms and provisions of the contracts, plans or specifications thereto and that by reason thereof the reasonable cost of construction to the contractor was increased, or that extra work was assigned to the contractor by the engineer, inspector, or agents of the water districts for performance by the contractor, or that the reasonable cost to the contractor of performing changes directed by the engineer, inspector, or agents of the water districts involved were increased?"

The jury answered "yes" as to both districts, however, in response to another interrogatory it declared that Pipelines was entitled to $25,000 from District 1 for damages, extra work and for changes made. Pipelines says this award precludes District 1 from contending " * * * that such work did not necessitate extra time for performance."

The $25,000 award did not separate the amount for damages to Pipelines from the amount due for changes and extra work. We cannot say that this award was necessarily inconsistent with the jury finding that Pipelines took more time than it should have.

Also Mr. Vogler testified that the extra work for which he says $25,000 was awarded, necessitated the use of 176 days to complete. Appellant claims that this evidence was not refuted. The districts respond that in claiming liquidated damages on the two projects for District 1 it did not compute damages for 116 days on one contract and 204 days on the other. The time schedule for the completion of the three projects was 300 calendar days for each one. For District 1 evi-

dence showed that 659 days were consumed on one project and on the other there was testimony that 480 days were used. For District 3 evidence showed the project was completed in 419 days. Contrary evidence was presented by Pipelines. We find conflicting evidence as to whether there were unnecessary delays and the reasons therefor.

■ Pipelines admits that the districts introduced proof as to the date the engineer found that all of the work had been substantially completed on each project, but it says that the crucial date was when the systems were useable by the water customers. It contends that "The only damage the Water Districts could hope to bring under the liquidated damage clause of these contracts would be the *loss of revenue* to the Districts * * *". (emphasis supplied). The parties had agreed that liquidated damages would occur if the contracts were not fulfilled at the agreed time. The agreed completion date as extended by extra work was the crucial date and loss of revenue was irrelevant.

Next Pipelines contends that as to District 1 the engineer was responsible for any delay therefore it is not liable in damages. Cited are several cases. They are Whitehead v. Brothers Lodge, I. O. O. F. No. 132 v. Ellis, 23 Ky.Law Rep. 29, 62 S.W. 873 (1901); Illinois Surety Co. v. Garrard Hotel Co., Ky., 118 S.W. 967 (1909) and United States v. United Engineering & Contracting Co., Ct.Cl., 234 U.S. 236, 34 S.Ct. 843, 58 L.Ed. 1294 (1914). All stand for the rule that if the owner is responsible for the delay the obligation for liquidated damages is annulled. Also see 22 Am.Jur.2d 319, Damages, § 233.

■ Vogler told of the extra work that was required by the engineer and the amount of time which it took to do that work. There was contrary testimony that the "overall plan" conflicted with the directions of the engineer and that it was because of this ill conceived "overall plan" that the delays occurred. The districts

claim that Pipelines devised the "overall plan" so that it would receive a larger amount of construction funds than would be the case had it done the work in an orderly and workmanlike manner. The jury heard this conflicting testimony and returned its verdict. There was evidence of probative value to support the verdict, therefore, we cannot say as a matter of law that the engineer was responsible for the delays.

■ Interrogatories were submitted to the jury, some it answered, others it did not. When it returned the verdict the court inquired as to whether the jurors could answer the remaining questions. All jurors indicated they could not. The court then asked " * * * if either party desires to have this jury polled further as to their opinions?". The lawyers responded that they did not. Pipelines admits that ordinarily there should be timely objection to an incomplete verdict, but it says: "Since the jury did return a proper verdict on Pipelines' claim against District 1 it would be patently unfair to require Pipelines to move to discharge the jury because of a defect as to the claim of the other parties." It accepted the verdict—it cannot complain of its form. Harrod v. Armstrong, 177 Ky. 317, 197 S.W. 816 (1917) and Thacker's Adm'r v. Salyers, Ky., 290 S.W.2d 830 (1956). We are unable to tell from the answered interrogatories or the general verdict what amount was awarded for liquidated damages and what for other items. For how many days delay the damages were assessed is not revealed, therefore, we can detect no error on this point.

Finally, Pipelines contends that the general instructions failed to state its theory of the case and were clearly erroneous. Specifically it says that the instructions " * * * were in the negative as to the theories of Pipelines." It says that these instructions state only the theory advanced by the districts and that each of these instructions should have contained lan-

guage similar to "but if you do not so believe then you will find for the defendant, Pipelines." Also it contends that the jury was confused because it was not offered a clear choice of verdicts and was given no opportunity to apply Pipelines' theory on the issue of liquidated damages.

Counsel for Pipelines offered interrogatories but no instructions. While he made certain objections to the instructions given we do not interpret them as being directed to the alleged error now being asserted. A complaint as to instructions will not be considered when the trial court's attention was not called to the point. CR 51. Day v. Kelsey, Ky., 433 S.W.2d 889 (1968); 1 Kentucky Instructions to Juries, Stanley 62, § 36. Also see Butler v. Toole, 223 Ky. 581, 4 S.W.2d 380 (1928). In Golubic v. Rashnich, 249 Ky. 266, 60 S.W.2d 616 (1933), we recognized the rule that the converse of an instruction should be incorporated "* * * as a necessary part thereof". Also see Louisville & N. R. Co. v. Vinson, 310 Ky. 854, 223 S.W.2d 89 (1949). We continue to subscribe to that rule, however, in the case now before us the interrogatories, the general instructions and definitions "* * * as a whole fairly state the law of the case embodying the respective theories of the parties. The objectionable features of the instructions are not considered prejudicial and therefore do not constitute reversible error." Farrington Motors v. Fidelity & Casualty Co., Ky., 303 S.W.2d 319 (1957).

We find nothing to indicate that the jury was confused to the extent, if at all, that it did not fully understand the issues it was to determine, therefore, the judgment must be and it is affirmed.

All concur, except NEIKIRK, J., who is not sitting.