OPINION of the Court, by
Judge Owsiey.
In an action of covenant upon an agreement to pay property, the appellees recovered in the circuit court judgment for upwards of gl 800, damages and costs ; and the cause having been brought to this court by appeal, that judgment was affirmed with ten per cent, damages and costs.
To he relieved against the judgment, the appellants then exhibited their bill in equity, with injunction ; ami upon a hearing the injunction was also dissolved with damages.
Subsequent to this the appellees brought an action of debt upon the judgment first obtained, and again recovered the amount thereof, together with damages equivalent to the legal rate of interest upon the first judgment, from the time it was obtained until the latter trial.
During the latter trial the jury were instructed by the court that they were bound, regardless of what they might think the justice of the case, to give damages to the full amount of interest on the first judgment: and ■whether those instructions were properly given, is the the main inquiry presented for the consideration of this court.
As the agreement upon which the action of covenant ■was brought contains no stipulation for the payment of interest, it is perfectly clear that upon no principle of the common law can it bear interest.
It is true, according to the ancient course of the. common law, although the yalue of the thing covenanted to be performed usually regulated the amount of damages, the jury in an action sounding altogether in damages, did in some instances exceed that measure; but they did so not because the law subjected the covenantor to the payment of interest, but in the exercise of a sound discretion with which they were invested, regulated by what, under the peculiar circumstances of tiie case, they Slight think just.
*542 There is not to be found in any statute, either an inhibition against the exercise of this discretionary power of the jury, or a provision giving interest upon a covenant to pay property.
Statutes have, it is true, from time to time been enacted regulating the rate of interest which the contracting parties might lawfully receive, and of late allowing in a described class of contracts a continued accumulation of interest.
.But as none of these statutes make contracts for the payment' of property bear interest without an express agreement of the parties, upon no fair principle can they be construed to have taken from juries any discretion which they may have previously possessed in assessing damages in such cases.
. Since the enactment of those statutes, juries have, it will be admitted, very properly in ascertaining the amount of damages for a breach of covenant been gene, rally governed by the value of the property stipulated Tor, and interest thereon; but as this rule has not been adopted under any positive statutory provision, but grown out of what is usually just between the parties, it ought not to he regarded as imperative in all cases, but departed from whenever under any circumstances the demands of justice require it.
If then we are correct in supposing the jury might or might not, in the action of covenant, according to their opinion of the justice of the case* either have given damages equivalent to the value of the property with or without interest, itfollows the judgment, as it was obtained before the passage of the act of 1811, (4 Litt. 394) giving interest upon judgments, does not hear interest.
That judgment, when obtained, it is true, gave the defendants in error in whose favor it was rendered a good' cause to maintain thereon an action of debt; and in such an action it willbe admitted damages are recoverable.
But,as the judgment did not upon legal principles hear interest, the amount of damages to he recovered, as in the action of covenant, must be within the discretion, of the jury.
Cases no doubt may occur, where it would be proper for the jury in debt upon a judgment to give for the detention of the debt damages equivalent to the legal rate of interest j but it is also clear that cases may occur (and *543 very probably the jury may think the present one of that character) where it would be highly unjust for the jury to give more than nominal damages.
Because, therefore, the jury were not permitted to exercise their discretion, under the circumstances of the case, in either giving or withholding damages equal to the rate of interest, the judgment must be reversed with costs, the cause remanded to the court below and a new trial had not inconsistent with this opinion.