Chief Justice Boyle
delivered the opinion of the court.
Daviess having, by his agreement, undertaken, as a lawyer, to clear up or settle the disputes which are proven to exist upon the land in question, and not having done so,'until he departed this life, whereby it became impossible for him to perform his part of the contract; Mrs. Tunstal, claiming by purchase under Daviess, cannot, in equity, be entitled to a specific execution of the contract on the part of Foster. As ij appears, however, that Dayicss had ap- *44 pcared thr Foster in a sjiit by an adverse claimant, althoug~i the dispute was not settled as to that claimant, the suit having abated by his death; yet Daviess was equitably entitled to a reasonable compensation for his services, and Mrs~ Tunstal claiming under him, h~s a tight thereto in equity, as his assignee. Until shg receives such compensation, therefore, as well as a compensation for improvements, if there shouki he a balance in her favor after deducting therefrom the amount of rents and profits, she ought to retain the possession. The decree dismissing the bill, must be reversed with cost, and the cause remanded for proceedings to be had not inconsistent with the foregoing opinion.
AWth for appellant, Pope aud Ilardin !~r appellees.