Judge Ewing
delivered the opinion of the Court.
William Price brought an action of covenant against Robinson, the administrator of Starks, on the following instrument:—
" February 6, 1819—then received of Mr. William Price John Postleth wait’s note for $490, and John T. Mason’s note for $490, which I hold myself bound for, to Mr. William Price.”
The defendant pleaded covenants performed: upon which issue was joined.
On the trial of the case, the Court, at the instance of the counsel for the plaintiff, instructed the jury that they were bound to give interest to the plaintiff, on the covenant: to which the defendant’s counsel excepted, and the jury having allowed interest—the propriety of the instruction is the only question which we deem necessary to examine in this record.
The undertaking of the covenantor was for the notes, and not for the payment of the money due upon them. It is the notes which he bound himself for. The relative “which” in the covenant, relates appropriately to the notes, and not to the money due on them. We therefore understand the covenant to impose an obligation on Starks to deliver the notes to the plaintiff. If he has failed to do so, within reasonable time, the value of the notes at the time when they should have been delivered, is the criterion of damages.
Notes are property, and not money; and their value, even when due, dependent upon a variety of circumstances—as the residence, solvency, and punctuality of the promissor, and is a subject, like the value of other property, peculiarly for the inquiry and assessment of the jury. They may give interest by way of damages, *141 or may refuse it. But whether they should or should not give it, is dependent upon the circumstances of the case, of which they are made the sole judges, and which they may give or withhold, at their own discretion. Such instruments do not bear interest as a matter of law. Hardin, 118; 1 J. J. Mar. 320; 3 Monroe, 294; 4 Bibb, 541; 1 Mar. 43. It was, therefore, error in the Court to instruct them that they were bound to give interest.
Judgment of the Circuit Court reversed, and cause remanded, that a new trial may be granted,