CASE 34.—ACTION BY THE EXECUTOR OF WILLIAM M.
COMBS, DECEASED, AGAINST THE JACKSON BAP-
TIST CHURCH FOR MONEY ALLEGED TO HAVE
BEEN LOANED BY DECEDENT FOR THE BUILD-
ING OF THE CHURCH.—November 10.

## Jackson Baptist Church v. Combs' Exr.

Appeal from Breathitt Circuit Court.

J. P. Adams, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

1. Gifts—Evidence—Weight.—Evidence held to show that
   expenditures by decedent upon a church building were gifts,
   and not loans.
2. Evidence—Self-serving Declarations—Admissibility.—In a suit
   to recover a loan claimed to have been made by decedent,
   testimony that he stated to witnesses that the money was a
   loan, and not a gift, was inadmissible; such self-serving
   declarations, unless made in the presence of the opposite
   parties, being as incompetent in the executor's behalf as they
   would be in decedent's behalf if living.

A. H. PATTON and J. M. STEVENSON for appellant.

KASH & KASH, J. J. C. BACH and W. W. McGUIRE for appellee.

Opinion of the Court by Judge Settle—Revers-
ing.

The appellee, Breck Combs, executor of the will
of Wm. M. Combs, deceased, by an action instituted
in the Breathitt circuit court against appellant, the
Jackson Baptist Church, its trustees and congrega-

tion, sought to recover of the church a claim of $150
owing by it to the estate of the testator secured by
a lien upon the church lot and building, and the fur-
ther sum of $2,204.05, alleged to be due upon account
for moneys loaned appellant by the testator, and all
of which was expended in the erection of the church
building.  Judgment was asked against the church
for both debts, and also for the enforcement of the
lien upon the lot and church in satisfaction of the
demand of $150.  Shortly after the institution of the
action appellant paid and satisfied the lien of $150,
and thereupon filed an answer denying liability upon
the account of $2,204.05, and averring that the whole
thereof was a gift or contribution from Wm. M.
Combs to appellant for the erection of the church
building.  Depositions were taken by the parties, and
the case otherwise prepared for trial in all respects
as an action in equity, although the payment by appel-
lant of the $150 lien debt eliminated from the case
the only matter of equitable jurisdiction.  Upon the
hearing the circuit court gave appellee judgment
against appellant for $1,712.29, with 6 per cent. in-
terest from August 8, 1903, until paid, and costs,
thereby in effect deciding that the difference between
that sum and the amount of the account sued on had
been donated by Wm. Combs to the church.  Appel-
lant complains of so much of the judgment as requires
it to pay $1,712.29, interest, and costs; hence this
appeal.

It appears from the record that the Baptists of the
city of Jackson who were prior to the summer of
1902 without a house of worship then undertook the
work of erecting a suitable brick church.  Not being
people of wealth, they found it necessary to yield to
the very proper custom of accepting financial assist-

ance from members of other churches and persons not connected with any church. Among those rendering such assistance was Wm. M. Combs, an aged and wealthy resident of Jackson, who, though not then a member, was a strong believer in the doctrines of the Baptist Church and a generous contributor to its various enterprises, particularly church erection. Mr. Combs became quite active in urging the building of the Jackson Baptist Church. At the beginning he, by deed, conveyed the church a lot for its house of worship value at $300, donating to it one-half of this sum and retaining in the deed a lien upon the lot for $150. He was elected a member of the building committee, and, as the work of building the church progressed, dictated the policy of the committee, and practically controlled the arrangement of the building, its material, and cost. At such times as the committee was without funds he would pay the bills out of his private means, often telling them he intended the amounts thus paid as donations to the church. Before the building was fully completed, a series of revival meetings were held in it, following which the old man was received by baptism into the church, and his name enrolled as a member of the congregation. At one time he paid to a Cincinnati firm a bill of $300 for pews supplied the church, and at the same time also paid the cost of putting in the building two extra windows near the pulpit. Combs kept an itemized account of his expenditures on and for the church, interest being calculated on each item; and this account he delivered after the completion of the building to J. S. Head, cashier of the Jackson Deposit Bank, also a member of the building committee, without explanation of his purpose in so doing, or any direction as to the disposition to be made of

it. The statement remained in the possession of Head for more than a year after the death of Wm. M. Combs, and until it was taken in possession by his son and executor, the appellee, Breck Combs, who brought suit upon it as previously stated.

The question for decision is: Were the various expenditures made by Wm. M. Combs upon the church building contained in the statement referred to donations or gifts to the Jackson Baptist Church, or merely loans it was expected to repay? We must, of course, look to the evidence for an answer to this question. The only competent evidence furnished by the record strongly conduced to prove that all the expenditures made by Wm. M. Combs upon the church building in question were intended by him as donations or gifts to the Jackson Baptist Church. Several witnesses testified that he more than once, in substance, declared during the work of erection that the expenditures were gifts from him. Some of these declarations accompanied payments of money expended by him on the building, while others did not; but practically all were made while the building was under way and in conversations with respect to such matters as the cost of it, where the money was to be obtained to complete it, or how much had been or would be contributed by him. A notable instance of such declaration of a gift was made by the donor when he paid for the pews and extra windows. His attorney of years' standing, McGuire, in his deposition admits this payment was a gift. Besides, several of appellant's witnesses, who were present when the pews were paid for, so testified. Indeed, the circuit court refused to give appellee judgment against appellant for the amounts expended by Combs upon the pews and extra windows upon the ground

that they were gifts. Yet we find these items with all other expenditures made by Combs to the church charged upon the statement left by him with Head. If the sums expended upon the pews and extra windows, appearing as charges on the account against appellant, were nevertheless, as proved and admitted, gifts, what reason is there for concluding that the other items of charge contained in the account were not also gifts?

In addition to the evidence referred to, such witnesses as Revs. J. B. Bow, A. S. Patry, and G. W. Argabright, all ministers of high standing in the Baptist Church, testified that in conversation with Mr. Combs shortly before and just after the completion of the church he, in substance, told them that what he had expended thereon had been donated, or that the church would not be called on to pay it. To Mr. Argabright he explained that he had to make his children believe he had loaned the church the money he expended on the building, but that he was in fact giving it to the church. With Dr. Bow, his intimate friend Bailey, who served with him upon the building committee, and his nephew, G. P. Combs, a deacon of the Jackson Baptist Church, Wm. M. Combs agreed that he would make a gift to the church of what he had expended and would expend upon it, if they would erect a marble slab upon its wall containing the words: "Wm. M. Combs Baptist Church." They promised to do this, and did in fact afterwards place the marble slab in the wall containing the indicated inscription. To W. H. Whittaker, a barber into whose shop Wm. M. Combs went with a bundle of papers in his hand, he said he had just been to the bank to discount some notes that were outstanding against the Baptist Church; that the people were

afraid they were going to lose the church, but that they need not be afraid, (for) he intended giving it to them; that he built one small meetinghouse in the country named for him, and wanted a larger one in town. It appears from the evidence that Combs had several years previously helped to build a country Baptist church which contains a tablet with an inscription similar to that on the tablet placed in the wall of the Jackson church; and that in erecting the country church he had kept, as in the building of the Jackson church, an itemized account of the sums contributed by him to the work, which was all given the church. It is a singular fact that, though Mr. Combs kept a ledger or account book in which entries were made of his many business transactions, no entries were ever made therein of the sums he expended upon the Jackson Baptist Church. They seemed to have been kept wholly upon the sheet of paper he handed to Head of the building committee. Why was this amount kept upon a sheet of paper, and not upon his books, and why was the sheet of paper containing the account handed to Head with them, or in whose bank he had no other papers? There is some force in the argument advanced by counsel for appellant that the statement was simply to show the church the amount he had put in the building, and that it was never entered upon his ledger because he did not wish his executor upon coming into possession of the ledger to find it there, and think it his duty to collect it. The only evidence introduced by appellee that tends in any way to show that the sums expended by Wm. M. Combs upon the Jackson church were loans, instead of gifts, were the statements found in the depositions of some of his children and those of McGuire and Snowden, to the effect that the decedent had in con-

versations with them declared them loans. The purpose of these declarations was explained by the deposition of Minister Argabright to whom the decedent said that he had, in order to satisfy his children, allowed them to think the sums he had given the church loans. The lower court very properly sustained exceptions to what the witness named said as to these declarations of decedent for such self-serving declarations, unless made in the presence of the opposite parties, were no more competent in behalf of the executor than they would be in behalf of the decedent, if living. Civ. Code Prac. section 606; N. Y. Life Ins. Co. v. Johnson's Adm'r, 72 S. W. 762, 24 Ky. Law Rep. 1867, and cases there cited. In view of the exclusion of the evidence of these declarations of the decedent, we are at a loss to know upon what the lower court based its judgment; for all other evidence in the case authorized a judgment in behalf of appellant, as it clearly manifested such acts and declarations on the part of the decedent, accompany- ing and following the expenditures upon the Jackson church, as proved that they were gifts and were accepted by the church as such. In addition, it was not unreasonable that the decedent should have made so generous a contribution to the erevtion of the Jackson Baptist Church. He had reached a ripe old age, accumulated a large estate, liberally provided for his children, and had still more to leave them; and having lived out of the church until the last years of his life, it was but natural that he should have desired to do large things for the church of his choice before being overtaken by death. According to the evidence, he felt great pride in what he had done for the church, and was gratified beyond measure that the congregation placed in the wall of the church a tablet of marble

that would perpetuate the memory of his generosity as long as the Jackson Baptist Church may exist.

Being of the opinion that the judgment of the lower court is against the weight of the evidence, it is hereby reversed and cause remanded, with directions to dismiss the petition.