Rager, &c. v. L. & N. R. R. Co.

CASE 98.—ACTION BY G. RAGER, &c. v. LOUISVILLE & NASHVILLE RAILROAD COMPANY.—April 19, 1910.

## Rager &c. v. L. & N. R. R- Co.

Appeal from Muhlenberg Circuit Court.

Judgment for defendant and plaintiff appeals.— Reversed.

1. Railroads—Injury to Person on or Near Track—Customary use of track.—Where the ground on the sides of a railroad track in a village was constantly used by the public as a passway, an individual in common with others had the right to use it, and where he did so use it, he was not a trespasser, and the trainmen who knowingly suffered a truck to remain on the passway and so close to the track as to bring it in contact with moving trains, were negligent, making the railroad liable for injuries to a person on the passway struck by the truck moved by a passing train.

2. Same—Trespasser.—A trespasser on a railroad right of way may not recover unless the trainmen discovered his peril in time to prevent his injury by the exercise of ordinary care, and they failed to do so.

3. Appeal and Error—Review—Verdict—Conclusiveness—A verdict in conclusive on appeal.

4. Railroads—Injury to Person on or Near Track—Action—Evidence—Admissibility.—Where in an action against a railroad company for injury to a person struck by a truck left so near the track that a moving train drove it against him, the issue was whether he did not at the time of the accident know of the presence of the truck, evidence that he and

other boys had been about the truck before the accident and that a section foreman had repeatedly requested them to leave it, was admissible, not only to locate the presence of plaintiff, but to contradict his statement as a witness that he did not know, at the time of the accident, of the presence of the truck.

5. Trial—Verdict—Impeachment by Jury.—The affidavit of a juror in a personal injury action that some of the jurymen during the trial saw the plaintiff walk without limping, and that the fact was discussed by the jury while deliberating was inadmissible.

R. Y. THOMAS for appellant.

BROWDER & BROWDER and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, G. Rager, an infant nine years of age, together with his statutory guardian, by this action sought to recover of appellee in the court below $5,000.00, damages for an alleged injury to his foot caused, as charged, by the negligence of the latter, its servants and employes, in leaving a truck so near its track at Bevier that a moving train struck and drove it against appellant's foot as he was passing, thereby inflicting the injury complained of.

Appellee's answer traversed the averments of the petition and alleged contributory negligence on the part of appellant, which plea was controverted of record. The trial resulted in a verdict and judgment in favor of appellee, and appellant having failed to secure a new trial in the court below, prosecutes this appeal.

According to appellee's evidence the injury sustained by appellant was slight; the family physician, Dr. Creel, by whom appellant's foot was examined two days after the accident, testified that the only injury to the foot consisted of a small abrasion of the

skin upon or near the instep accompanied by some inflammation and slight swelling; but that no bones were fractured and there was no permanent impairment of the foot or of its use. The same physician further testified that after the accident appellant and a brother became ill of a fever which continued three or four weeks; that he attended and treated them throughout their illness and that appellant during his confinement with the fever did not complain of any pain or discomfort from the injured foot, nor did he or his parents have or request the physician during that time to examine or treat it. It was also in substance stated by this physician that appellant's foot at the time of the trial was well and unimpaired.

As to the nature of the wound to the foot several witnesses, who were at the place of the accident and saw appellant immediately afterward, corroborated the statement of Dr. Creel that it seemed to be but an abrasion or bruise, and some of them said the wound was about the size of a nickel or dime.

The testimony of appellant and his father conduced to prove that the injury to the former's foot was of a serious and permanent nature; that the wound did not heal for several weeks and that it caused appellant much suffering and caused a limp in his gait which he manifested at the time of the trial. Dr. Slayton who was introduced in appellant's behalf stated, in substance, that he examined appellant's foot the day before the trial and that while the wound had healed he discovered some stiffness,as he thought in the ankle joint. It is evident, however, that his examination was but a cursory one, as he did not administer anaesthetic or use any other means to relax the muscles and tendons of the leg and foot, as seemed necessary to a thorough examination.

As to the question whether appellant was lamed by the injury to his foot the evidence was conflicting, that of appellee tending to show the absence of lameness. Several witnesses, some of whom lived very near appellant testified that they had seen him nearly every day between the date of his receiving the injury to his foot and the trial, and that they had never observed that he limped with the injured foot in walking until the beginning of the trial.

We do not mean to be understood as saying that appellant's right to recover depended upon his showing that he was lamed by the injury to his foot or even that the use of the foot was permanently impaired, for any injury to the foot which resulted in physical or mental suffering to appellant would have entitled him to such damages as would have reasonably compensated him for such suffering, if the injury was caused by the negligence of appellee's servants as alleged in the petition; but as there was evidence, and much of it from which the jury might have reached the conclusion that the injury to appellant's foot was not serious, that fact doubtless had a controling influence upon their verdict.

Appellant's account of the manner of his receiving the injury to his foot was that as he was passing the truck on an errand to a grocery store, a backing freight train struck the truck and pushed it against him causing one of its wheels to run upon or against his foot. If the ground on either side of appellee's track in the village of Bevier and at the place and time of the accident was constantly used by the public as a passway, appellant in common with others had the right to so use it and in that event he was not a trespasser at the time he was injured. Furthermore, if the public were thus licensed to use

appellee's right of way by the track, its servants in placing the truck or knowingly suffering it to remain in the walkway of the track and so close thereto as to bring it in contact with moving trains, were guilty of negligence and if appellant was injured by such negligence, as claimed by him, appellee would be responsible in damages therefor. Appellant, his father, brother and the witnesses, Doss and Adcock, all testified to the free use by the public of the ground on either side of appellee's track for more than fifteen years; while on the other hand, O'Brien, appellee's section foreman, and several other witnesses introduced by it, testified that appellant's injury was not received in the walkway beside its main track used by the public, but by one of appellee's tracks used by a coal company in running cars from the mine to appellee's main track, and that the ground at the place of the accident is rough, out of the usual course of travel, and was not used as a passway by the public; and that appellant in being thereon at the time of the accident was a trespasser. Appellee's witnesses also testified that the truck when removed by its employes from the track was placed and secured at a safe distance therefrom, but that some boys of the village, including appellant, had, the morning of the day of the accident been playing on the truck and moved it, without the knowledge of appellee's servants, to such an extent as to bring it near enough to the track to be struck by the backing train, which caused it to be thrown against appellant's foot.

If appellant when injured was upon appellee's right of way, and where persons other than appellee's servants were not accustomed or licensed to go, he was a trespasser and for that reason not entitled

to recover, unless appellee's servants discovered his peril in time to prevent his injury by the exercise of ordinary care but failed to do so, which is not claimed by appellant.

Appellant's father, Doss and Adcock, admitted in some sort the roughness of the ground at the place of the accident, but said that the way there was frequently used by people in going to the mine.

Without further discussing the evidence on this point it is sufficient to say that it, as well as the evidence in regard to the character and extent of appellant's injuries, all went to and was considered by the jury whose finding in favor of appellee expressed by the verdict is conclusive upon this court and must stand, unless it has been shown that the trial court committed some error that will compel a reversal. It, therefore, remains to be seen whether the rulings of that court, of which appellant complains, constitute such error.

It is insisted for appellant that the court erred in admitting the testimony of O'Brien, the section foreman, that appellant had been about the truck on the morning of and before the accident.

The testimony of O'Brien on the point in question has already been referred to; it was to the effect that appellant, in company with other boys, had been about the truck all the morning; that O'Brien had repeatedly requested the boys, including appellant, to go away from the truck, which they had not done. Counsel for appellant objected to this testimony of O'Brien upon the ground that his right to recover was not affected by the fact that he had been playing with or about the truck previous to the accident. The court overruled the objection, but in doing so made this statement to, or in the hearing of the jury:

"You will have to confine it (meaning the interrogation) to this boy. It is competent to show that the boy was there at this time for the purpose of locating the boy and his presence; but of course the jury understands that previously having been on the truck or the tracks, would not cut him out of the right of recovery if he was subsequently injured without his fault. It is not introduced for that purpose, but you can show it for the purpose of locating the boy previous to that time."

Obviously, this explanation from the court to the jury clearly gave them to understand the purpose for which the testimony in question was introduced. We think, however, that the testimony was not only competent on that ground but for a better reason, viz: To disprove an averment of the petition, denied by the answer, and contradict the statement made by appellant as a witness, that he did not at the time of the accident know of the presence of the truck at the place of the accident.

Appellant's counsel further insist that the court erred in not granting appellant a new trial upon the affidavit of the juror Mitchell. Mitchell was a member of the jury that tried the case; the affidavit was made and filed after the return of the verdict; it in substance states that some of the jurymen in the case, during the trial or before its conclusion saw appellant walk without limping, and that this fact was discussed by the jury when in the jury room and before the return of the verdict.

It is needless to say that this court has repeatedly held that a verdict cannot be explained or impeached by the affidavits, or other sworn statements of jurors. Allord v. Smith, 2 Met. 297; Alexander v. Humber, 86 Ky. 565; Eversole v. White, 112 Ky. 193; Jones'

Admr. v. L. & N. R. R. Co., 108 S. W. 865. The rule also applies in criminal cases. Commonwealth v. Skaggs, 3 Bush, 19; Stewart v. Commonwealth, 31 R. 1343.

In view of these authorities further discussion of this question would be profitless.

Appellant's counsel seems to have entered during the trial a formal exception to the instructions and they are also complained of in the motion and grounds for a new trial, but his brief presents no criticism of them. We have, however, carefully examined them and find that they are substantially correct.

Finding the record free from material error, the judgment is affirmed.