## Wright, et al. v. Harlan Fuel Company.

(Decided May 18, 1926.)

Appeal from Harlan Circuit Court.

Judgment—Where Verdict, in Action for Breach of Bond, is Silent as to Interest, Judgment Cannot Include Interest, Except from its Date.—Where jury found for plaintiff in certain sum, in action for breach of bond, and verdict was silent as to interest, judgment will not bear interest, except from its date, and court erred in allowing interest from date of filing of petition, since verdict was finding of damages including interest as of date it was returned.

J. B. SNYDER for appellants.

B. M. LEE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

On the former appeal of this case the judgment which had been rendered in favor of the defendants was reversed and the cause was remanded for a new trial, Harlan Fuel Co. v. Wiggington, 203 Ky. 546. The facts of the case are fully stated in that opinion. On the return of the case to the circuit court it was tried again. At the conclusion of the trial the jury returned this verdict: "We, the jury, do agree and find for the plaintiff $2,500.00. C. E. Ball, Foreman." The verdict was rendered on October 23, 1925. The court entered judgment on the verdict in favor of the plaintiff for $2,500.00 with interest at 6% from December 1, 1920, and cost. The defendants moved to set aside the judgment and their motion having been overruled they appeal.

The petition was filed on December 1, 1920. It sought to recover the damages the plaintiff sustained by reasons of the breach of the bond. The verdict of the jury fixed the amount of the damages. In Guthrie v. Wickliffe, 4

Bibb. 541, which was a similar case, the court thus stated the rule:

> "Statutes have, it is true, from time to time been enacted regulating the rate of interest which the contracting parties might lawfully receive, and of late allowing in a described class of contracts a continued accumulation of interest. But as none of these statutes make contracts for the payment of property bear interest without an express agreement of the parties, upon no fair principle can they be construed to have taken from juries any discretion which they may have previously possessed in assessing damages in such cases."

Referring to that opinion in Brown v. McCleland, 1 A. K. M. 43, which was a similar case, the court said:

> "By that case a covenant, such as that upon which this suit is founded, does not, as a matter of law, bear interest; and although the jury may give damages commensurate with the principal demand and interest, whether they will or will not do so, must depend upon the discretion of the jury, exercised without any control of the court."

In Stark v. Price, 5 Dana 140, defining the province of the jury in such cases the court said:

> "They may give interest by way of damages, or may refuse it. But whether they should or should not give it, is dependent upon the circumstances of the case, of which they are made the sole judges, and which they may give or withhold, at their own discretion."

These cases were followed in West v. Patrick, 1 J. J. M. 95; Morford v. Ambrose, 3 J. J. M. 692; Marshall v. Dudley, 4 J. J. M. 244; Travelers' Ins. Co. v. Henderson Cotton Mills, 120 Ky. 218. In such cases in a court of common law, the verdict of the jury fixing the damages includes the interest up to the time the verdict is rendered. For the verdict of the jury is a finding of the damages to which the plaintiff is entitled at that date. The jury may or may not in its discretion give interest from the filing of the petition, but if the verdict is silent as to interest the judgment will not bear interest except from its date. The court therefore should have entered

judgment upon the verdict with interest from the date of the verdict.

Judgment reversed and cause remanded for a judgment as above indicated.