## Wolfinbarger v. Stanton.

(Decided June 10, 1927.)

### Appeal from Estill Circuit Court.

1. Costs.—Trial court properly disregarded jury's verdict in so far as it attempted to provide that court costs should be paid by plaintiff and defendant jointly; the jury having no power to award costs.

2. Trial.—In action for automobile collision, failure to instruct on the question of alleged excessive rate of speed held not error, where appellant offered no written instructions; the court not

being bound to give any instruction in civil case, unless written instructions are offered.

3. Highways.—In action for personal injuries and property damage sustained in collision of automobiles, wherein each party claimed that the other was on the wrong side of the road, verdict denying recovery to either party held not contrary to the evidence.

4. Appeal and Error.—If error does not affirmatively appear in the record, the judgment must be affirmed.

EZART F. ASHCRAFT for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

T. J. Wolfinbarger appeals because he was unsuccessful when he sued S. H. Stanton for $500.00 damages to an automobile, and for $3,000.00 for personal injuries sustained in a collision which he alleged was due to the fault of Stanton. In his answer and counterclaim Stanton denies fault on his part, and alleges that the collision resulted from the fault of Wolfinbarger, and he asked for $500.00 damages to his car. A plat was used on the trial of this case, and the witnesses testified with reference to that plat. They do not make the cause of this accident very clear. This is taken from Wolfinbarger's account of it:

"I guess the jury have all driven wagons, you understand how to cut a wagon anyway, what you want now—I was going this way, here comes him, and this is my car, I cut about that much, and this is on up this way, and I cut just enough to wheel lock right here, and my car was running very slow, and he cut this way, and anybody who has ever driven a wagon knows that would drag my car."

This is taken from Stanton's account of it:

"I came down like this, and almost stopped here, and, when I saw this car had stopped, why then I started around it like this, and when just before I got to this car here he started up again, and cut right across the road and the cars hit, just like that, and this car here turned this one right around like that, and just left it sitting about like this, and this car here, and this cut the bank off here with the left hind

wheel—cut the bank off when it slided out here in the bank; that is all my car ever did do.''

The verdict of the jury was:

"We, the jury, decide the plaintiff and defendant each pay his own garage bill, doctor bill, and court cost to be jointly paid by plaintiff and defendant."

The court properly disregarded the jury's verdict so far as the cost was concerned, gave a judgment against Wolfinbarger for the cost, and dismissed the claims of both parties. A jury cannot award costs. See Lykins v. Hamrick, 144 Ky. 80, 137 S. W. 852.

In their briefs, each of these parties claims that he was on the right side of the road, that his adversary was on the wrong side, and the collision resulted. Stanton also claims that only one light was burning on Wolfinbarger's car. This accident occurred in the nighttime, a few minutes before 1 o'clock, on April 13, 1925. Wolfinbarger is asking for a reversal because the court failed to instruct the jury on the question of the excessive rate of speed at which he claims Stanton was driving. Under our Code of Practice the court is not required to give any instruction in a civil case, unless written instructions are offered by a party. See Deer Creek Mining Company v. Moore et al., 200 Ky. 553, 255 S. W. 123. He had offered no instructions. The right fender of each of these cars was mashed up, and considerable damage was done to the engines. This would indicate that they were both on the wrong side of the road. The evidence as copied is so meaningless we cannot say the verdict was flagrantly against it, and we find against him on his second alleged error.

His last contention is that all the evidence shows he was entitled to a recovery. This is practically the same as his second ground. The evidence to us is, when transcribed, as devoid of meaning as that much Chinese. It seems that what we have written in Royal Collieries Co. v. Wells, 210 Ky. 600, 276 S. W. 515, and General Refractories Co. v. Morrison, 212 Ky. 411, 279 S. W. 651, has been entirely overlooked. We are not permitted to guess. If error does not affirmatively appear in a record, the judgment must be affirmed, and it is so ordered.