# North American Accident Insurance Company v. Caskey's Administrator.

(Decided March 16, 1928.)

## Appeal from Warren Circuit Court.

1. Evidence.—In action on policy of accident insurance, testimony to statements of decedent that, while he was hauling some logs, the horses started suddenly and he was accidentally thrown from the wagon and his side struck a knot on one of the logs, and further statements as to how, when, and where the accident occurred held inadmissibile as self-serving.
2. Evidence.—Statements made by party against interest are admissible against him.
3. Evidence.—Statements of insured as to fact of accident and how, when, and where it occurred, made several days after its occurrence, held inadmissible under res gestae rule.
4. Insurance.—Testimony of witnesses that they found a bruised spot on side of insured's body when assisting in preparing it for burial held admissible.
5. Insurance.—Plaintiff to recover on accident policy was bound to establish that insured, while riding on wagon, was accidentally thrown therefrom and thereby received injuries from which, independently of all other causes, he died.

6. Insurance.—Refusal to direct verdict for insurance company held error, where evidence would have been insufficient to warrant submission of case to jury after exclusion of incompetent testimony admitted as to statements of insured.

RODES & HARLIN for appellant.

W. O. RODES and GEORGE H. GALLOWAY for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is the second appeal of this case, the opinion on the former appeal being reported in 218 Ky. 750, 292 S. W. 297. No new facts were developed upon the second trial, and a statement of the salient facts will be found in the opinion on the former appeal.

As directed in that opinion, the testimony of the widow was excluded upon the second trial, as was the testimony of interested witnesses as to statements made by the decedent. Several disinterested witnesses were permitted to testify to conversations with the decedent in which he stated that, while hauling some logs, the horses started suddenly and he was accidentally thrown from the wagon, his side striking a knot on one of the logs. A number of questions put to these witnesses tended to elicit evidence of statements made by the decedent which tended to show how, when, and where the alleged accident occurred. The evidence thus elicited was wholly self-serving and was clearly incompetent. Statements made by a party against interest are admissible against him, but any statements made by him which are self-serving are not admissible, and the fact that the party is dead does not change the rule. Jackson Baptist Church v. Combs' Ex'r, 130 Ky. 255, 113 S. W. 119; Benge's Admr. v. Fouts, 174 Ky. 654, 192 S. W. 703; Petty v. Petty, 220 Ky. 569, 295 S. W. 863.

An apparent exception to the rule is where a physician is permitted to testify as to statements of a patient in giving a history of his case, but even in such a case the physician is permitted to testify only as to such statements as may be necessary to enable him to render a proper diagnosis, and not to unnecessary extrinsic facts such as the place where the accident occurred.

In North American Accident Insurance Co. v. Hill's Adm'x, 182 Ky. 125, 206 S. W. 170, the insured carried an accident policy which insured him against injuries received "while actually riding as a passenger in a place regularly provided for the transportation of passengers

only, within a railroad car, elevated, subway, or inter-urban railroad car, street car or steamboat, provided by a common carrier for passenger service." The decedent's physician testified that the decedent, in giving a history of his case, said:

> "That while he was boarding a train the train started off suddenly, throwing him violently, and as to him falling on the grip, or the grip falling on him, I don't exactly recollect. I know the grip he was carrying was the cause of his injury indirectly."

In holding this evidence incompetent, this court said:

> "By this answer the deceased himself was made to testify not only as to the way and manner of receiving his injuries, but also that they were received while deceased was traveling upon a passenger train in a coach provided for that purpose, thus bringing the accident directly within the terms of the policy; for, according to those terms, if the accident had not been inflicted while the deceased was thus circumstanced, it would not be covered by the policy. It is a rule quite universally recognized that it is competent for a patient to give a history of his case to his physician so as to enable the latter to render a proper diagnosis and give such treatment as the affliction demands. This, however, in the instant case, required no more than that the patient should have said to the physician that he had sustained an accident wherein he fell upon his grip or the grip fell upon him, naming the part of the body affected, together with the symptoms following. It is by no means essential for any purpose that the place where the accident occurred should have been mentioned."

In the instant case all of the statements of the decedent testified to by the various witnesses were made several days after the alleged accident occurred. They were not spontaneous expressions closely related to the transaction but were so remote as to be inadmissible under the res gestae rule. Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036. A number of witnesses who assisted in preparing decedent's body for burial testified to finding a bruised spot on his side. This testimony was competent, but, with the testimony of the witnesses who testified as to statements of the decedent narrating how, when, and where the accident occurred excluded, there

is nothing to connect the evidence as to the bruised spot with the alleged accident. As said in the former opinion:

"To enable the plaintiff to recover, it was necessary that he should establish by evidence that J. F. Caskey, while riding on this wagon was accidentally thrown therefrom and thereby received injuries from which, independently of all other causes, he died."

With the testimony as to the statements made by the decedent excluded, there was no evidence authorizing the submission of the case to the jury, and the court erred in refusing to sustain the defendant's motion for a directed verdict.

The judgment is therefore reversed with directions to grant appellant a new trial in conformity herewith.