## Parsley v. Parsley.

(Decided April 27, 1928.)

### Appeal from Edmonson Circuit Court.

1.  Appeal and Error.—Reviewing court could not say that jury's verdict, in plaintiff's action to recover a stated sum from his former partner, was not sustained by evidence, where evidence was conflicting.

2.  Trial.—Complaint that verdict in suit to recover money from former partner was too indefinite to support the judgment because of a provision that each party should pay his own costs held not a basis for reversal.

3.  Appeal and Error.—One cannot on appeal be heard to complain of the lack of an instruction and that the court instructed only on his adversary's theory of the case, where he requested no instruction.

4.  Judgment.—Where the verdict in an action by plaintiff to recover money owing from his former partner was silent as to interest, judgment could not properly be made to include interest prior to its date.

MILTON CLARK for appellant.

WHITTLE & DEMUMBRUM for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this suit against the appellant, his brother, alleging in substance that he and the appellant had entered into a partnership agreement to purchase a farm and thereafter operate it on equal shares. Appellee averred that he had furnished to the appellant his part of the consideration needed for the purchase of the farm, but that appellant, instead of taking the title to the farm in their joint names, had taken it in his own name, but had thereafter promised to deed to the appellee a one-half undivided interest in the farm, which he never did. Appellee further averred that he and the appellant did operate the farm for a couple of years under the partnership agreement, at the end of which time the appellant proposed to buy out the appellee's interest in the farm by paying back to the appellee the consideration he had paid for his half-interest plus $750 profit, which proposition the appellee accepted. The appellee further alleged that as a part of this trade he and the appellant agreed to purchase another farm and operate it too on a partnership basis, and that this was done. Appellee further averred that he and the appellant had settled their partnership affairs with regard to both farms, with the exception that the appellant had never paid him the $750 profit above mentioned. It was to recover this amount that this suit was brought. The appellant answered by traversing the allegations of the petition, by pleading a contract with appellee which was different from that set up in the petition and which fell within the statute of frauds, and by presenting a set-off and counterclaim in which he sought compensation in the sum of $619 on account of certain matters arising out of the partnership. The affirmative allegations of this answer were in turn denied by the appellee, and on a jury trial a verdict was rendered in his behalf in the sum of $500, "each side to pay his own costs." The court entered judgment for the appellee in this sum of $500, but with interest from January 25, 1927, the date of the filing of the petition, and costs, thus ignoring the part of the verdict of the jury which said that each side should pay its own costs. At the next term of court, the appellee moved that the judgment be corrected so as to award him interest from April, 1919, that being the date when his brother agreed to pay him the $750, as he claimed. The court overruled this motion. The appellant appeals from the judgment

as entered, and appellee has asked and been granted a cross-appeal from so much of the judgment as limited his interest to the period beginning January 25, 1927.

The parties made no point concerning the character of this action, but appellant did contend in the lower court that the petition was demurrable. In his brief he abandons, in substance, that contention here. He next insists that the verdict of the jury was not sustained by the evidence. In answer to this, it may be said that the evidence of the appellee tended to make out his claim and that of the appellant tended to substantiate his position. The jury evidently believed that the appellee had made out his claim and that the appellant had succeeded in establishing some of the items in the set-off and counter-claim, probably that of the rotting of the hay, which the appellee admits to have occurred. As tried this was a case peculiarly for the jury, and we cannot say that its verdict is not sustained by the evidence.

Appellant next contends that the verdict of the jury was too indefinite to support a judgment because of the provision in it that each side should pay its own costs. This question was before the court in the case of Wolfinbarger v. Stanton, 220 Ky. 451, 295 S. W. 467, and was resolved against the contention of the appellant.

Appellant next claims that it was the duty of the court to instruct the jury upon his theory of what the contract between him and the appellee was. The court instructed only on the theory of the appellee, telling the jury in substance that if they believed the contract to be as appellee claimed it to be, to find for him, otherwise to find for the appellant. Conceding without deciding that had appellant offered a correct instruction covering his theory of what the contract was, it would have been the duty of the court to have given it, yet we find the appellant offered no instruction whatever on this point or any other for that matter. Under such circumstances, he cannot now complain of the court's failure to instruct as he thinks it should have done. Hatfield v. Payne, 195 Ky. 310, 242 S. W. 32. This disposes of appellant's grounds for a reversal, and, as none of them are meritorious, on the original appeal the judgment is affirmed.

On the cross-appeal, appellee insists that he was entitled to interest from the date the money was due him from his brother instead of only from the date of the filing of the petition as allowed in the judgment. In view of our disposition of this contention, we will ignore ap-

pellant's contention that appellee could not move to correct the judgment in question at a term subsequent to the one in which it was rendered. Had the jury found for the appellee the entire amount for which he sued and dismissed appellant's counterclaim and set-off, his position about being entitled to interest from April, 1919, might be sound. See Hack v. Lashley, 197 Ky. 117, 245 S. W. 851. But the verdict of the jury is unquestionably a balancing of accounts. It credited the appellee's claim by what it found for appellant on his counterclaim and set-off. The balance which it found for the appellee was what it thought the appellant then owed him and necessarily must have taken into account all matters of proper debit and credit appearing in the lawsuit. Interest was such a matter of proper debit and credit. Hence on the verdict of the jury, appellee was entitled to interest only from the date of the judgment. See Wright v. Harlan Fuel Co., 214 Ky. 602, 283 S. W. 944. It is true the court by its judgment antedated this interest a couple of months, but appellant makes no complaint of that, and of course appellee cannot. On the cross-appeal, we find no error in the judgment prejudicial to the appellee.

The judgment is therefore affirmed on both the original and cross appeals.