## Lawson's Administrator v. Brandenburg.

(Decided June 5, 1931.)

(Petition for Rehearing Withdrawn.)

JAMES & JAMES for appellant.

LAYMAN & LAYMAN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Clarence L. Lawson's administrator sued Rufus Brandenburg for $25,600. The jury's verdict was: "We the jury find for the plaintiff in the sum of $500.00 for injuries and damages. Barney M. Day, foreman."

Plaintiff's motion for a new trial was overruled, and, from the judgment entered on this verdict, he prosecutes this appeal.

About 6:30 p. m. Sunday, July 20, 1930, Clarence L. Lawson, with his wife and five children, were en route from Elizabethtown to Hodgenville in a Plymouth sedan. Hanson Lawson, the 18 year old son of Clarence Lawson, was driving. They were traveling highway No. 68, which we will speak of as running south from Elizabethtown to Hodgenville. There is a slight curve to the left in this road and a slight hill therein at or near the home of Lawrence Robinson.

As this Plymouth machine came around this curve and over the hilltop, it was hugging the inside of this curve, and on its left or the east side of the road. It was going at a speed of a little over 30 miles per hour. Brandenburg and two young women in a model A ford roadster were going from Hodgenville to Elizabethtown; they were upon their right or the east side of the road, and traveling 45 or 50 miles per hour; the average of the estimates is 47 miles per hour. These cars were about 375 feet apart when the occupants thereof first saw each other. They were approaching each other at about 115 feet per second. In about three seconds the collision occurred.

The driver of the Ford turned that car to the left in an effort to pass on that side, and the two cars collided

a little west of the center of the road. Both cars were seriously damaged, and the occupants more or less injured. On Friday, October 3d, Mr. Lawson shot himself, and on the next day he died. Holmes Lawson qualified as administrator of Clarence L. Lawson, and sued Brandenburg for $600 for damages to the Plymouth car, and made this further claim:

"The plaintiff states that by the said collison and by the said Clarence L. Lawson coming in contact with parts of said automobile, he was cut, bruised and lacerated about his limbs, head and body; that one of his fingers was fractured and others were sprained and he suffered a profound shock to his nervous system and as a result thereof, he suffered great mental and physical pain, became demented and on or about the 4th day of Oct., 1930, while so demented, committed suicide.

"The plaintiff states that his suffering, both mental and physical, from the time he received the said injuries until the date of his death was great and as a result thereof, he was injured and damaged in the sum of twenty-five thousand ($25,000.00) dollars."

Thus we see the plaintiff presents a case much like that of Waas v. Ashland Day and Night Bank, 201 Ky. 469, 257 S. W. 29, 35 A. L. R. 1441.

### Ruling on the Evidence.

The administrator claims he should have had a new trial because the court erred in rejecting evidence offered by him. Mrs. Lawson, the widow, was not permitted to testify to things said and done by the deceased. She was interested in this recovery, and her evidence was properly excluded. See North American Accident Ins. Co. v. Caskey's Adm'r, 218 Ky. 750, 292 S. W. 297. This applies to evidence of his children, which was excluded. The evidence of Mrs. Robinson, of the exclusion of which appellant complains, was admitted, but her evidence of what Mr. Lawson said to her was properly excluded. See N. A. Accident Ins. Co. v. Caskey's Adm'r, 223 Ky. 600, 4 S. W. (2d) 383. The same is true of the evidence of Mr. Robinson about what Mr. Lawson said to him. These remarks of Mr. Lawson were unsworn, self-serving

declarations, which would not be admissible if he were living, and no reason can be given for admitting them when he is dead.

Mr. Warren was asked if Mr. Lawson appeared to be suffering mentally and physically after the wreck. The court permitted him to testify as to his apparent physical suffering, but properly excluded his evidence as to apparent mental suffering, as Mr. Warren was not an expert in such matters. The court properly excluded the evidence of Dr. English as to what injury Mr. Lawson had sustained in this collision, as he had not treated him until after he shot himself, and then he treated him for the gunshot wound.

## THE INSTRUCTIONS.

Complaint is made of the instructions given by the court defining the duties of these parties in the operation of their machines, etc., but, as the jury found for Mr. Lawson's administrator, we need not go into these questions for the administrator was not prejudiced thereby.

## SMALLNESS OF THE VERDICT.

This is all of which the administrator can complain, as the jury has found this collision was due to Brandenburg's negligence, and that Lawson sustained some injuries and some damages. Plaintiff contends that all the proof shows the Plymouth was worth $750 before the accident and $150 afterwards, and that therefore he was entitled to recover $600 for damages to the automobile alone, and that the verdict returned does not give him that, to say nothing of Mr. Lawson's injuries. But one witness testified upon this question. He said: "I imagine the car before the wreck was worth approximately $750.00, I think so." He was asked its value after the wreck, and he said: "The repair bill on this car was something like—I couldn't tell you that—I haven't looked—exactly but the estimate was something near $540.00 so that would put the value of the automobile about one hundred or one hundred and fifty dollars."

This witness does not pretend to know the amount of the repair bill, and does not even pretend to know the exact amount of the estimate. There is no testimony

showing who made this estimate, whether the person
making it was capable, knew the value of parts, labor,
or material, or that the various items in same were
required or the prices were reasonable. The evidence
of this witness, based as it is on the uncertain estimate,
is vague and indefinite. A picture of the wrecked Ply-
mouth was exhibited in evidence, but is not contained
in this record. All this the jury saw and were entitled
to consider in weighing the evidence as to value.

In Howard v. Louisville Ry. Co., 105 S. W. 932, 933,
32 Ky. Law. Rep. 309, we said:

"In trials by jury it does not follow that because
one or more witnesses testify positively concerning
a fact, and there is no evidence to the contrary, the
verdict must be flagrantly against the evidence.
. . .

"A stronger impression may be made on the
juror's mind by what he sees than by what he hears.
A juror can see as well as hear, and has the right to
use his eyes as well as his ears in making up his
mind as to what weight, if any, shall be given the evi-
dence of a witness."

The general rule is thus stated in 22 C. J. p. 595, sec.
691:

"The probative weight to be accorded to the
estimates of witnesses as to value is entirely a
matter for the jury, whose action is not controlled
by the fact that the evidence of the witnesses is
uncontradicted. The statements of such witnesses
should not unquestionably be acccepted as control-
ling, but should be weighed by the jury and judged
in view of all the evidence, including, in case of land,
a view, if any was afforded, and the jury's own
general knowledge of affairs should also play a part
in their determinations."

The jury fixed the damages to the Plymouth car at
some amount less than $500, and the sum needed to make
up the $500 represents the jury's estimate of the personal
injuries sustained by Mr. Lawson. That the jury did
allow something for Mr. Lawson's injuries we know from
the verdict.

It is also evident the jury's allowance for personal
injuries is small, but we are not permitted to reverse a

judgment on that account. See section 341 of Civil Code of Practice. The appellant argues this verdict is contrary to the instructions. The basis of this contention is that it was conclusively established the damages to the car alone was $600, and that nothing was allowed for personal injuries. We have already said the jury was not bound to find $600 for damage to Lawson's automobile; and that something was allowed for Mr. Lawson's injuries we know from the verdict.

Whether the court should have sustained Brandenburg's motion for a directed verdict, which was seasonably made, we need not determine, as of the refusal thereof Brandenburg has not complained.

This collision resulted from an unwise act of the driver of Brandenburg's Ford in attempting to pass to the left of Lawson's Plymouth, but Lawson had created the emergency by driving on the wrong side of the road. That act of Lawson was the proximate cause of the accident. Responsibility does not flow from an unwise act done in an emergency, which the party alleged to have been negligent, did not create. Consolidated Coach Corp. v. Hopkins' Adm'r, 238 Ky. 136, 37 S. W. (2d) 1.

The judgment is affirmed.