## Scobee v. Donahue et al.

Sept. 29, 1942.

D. L. Pendleton and F. W. Stevenson for appellant.

W. C. Hamilton and Marcus C. Redwine for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The case is for breach of a contract for the growing of tobacco on shares. The judgment is for $500 in favor of the tenants on their counterclaim. The ground upon which a reversal is sought is that the verdict is flagrantly against the evidence, manifested by the fact that the jury ignored the admissions of the defendants that they owed the plaintiff a substantial sum.

The original contract was between J. C. Scobee, as landlord, and Buford and Espa Donahue, brothers, as tenants, made on February 1, 1939. It is quite detailed, providing how, when and what each party should do. The contract got off on a bad start. Espa got drunk and squandered $75 of the $175 advanced him and his broth-

er. On March 2nd a new contract was made between Scobee, of the one part, and Buford Donahue and his father, J. L. Donahue, of the other. It adopted the original contract with an increase in the acreage of tobacco and some additional land for the raising of corn. The tenants insisted that the landlord was impatient and intolerant and continually interfered with them. The landlord thought the tenants were neglecting the tobacco crop and put a number of men to work in it. This was resented by the Donahues and Scobee obtained a restraining order against them from interfering with his men. Later he filed another suit and obtained an attachment against his tenants' share of the corn for money he had advanced them. They made no effort to have the restraining order set aside until pleadings were filed for them when court convened. It appears that the tenants and their men, as well as Scobee's men, continued working the crop. The tobacco yielded a fair price, about $5,000 net. In the two cases, which were consolidated, Scobee sought to recover an aggregate of $2,-466.41 for damage and on an account for advancement and expenditures for labor and other items. The Donahues, by counterclaim, sought to recover $1,719.76, of which $1,500 was for damages to the tobacco by reason of interference of Scobee and the incompetency and negligence of the men employed by him, and $219.76 for extra work and certain items of damage, some of which were outside the contract.

The sum and substance of the evidence is that there was quarreling and bad feeling on both sides all along. The plaintiff's proof tends to show that the defendants neglected the crop and mishandled it and that it was necessary that he hire men to work in the crop in order to avoid further damage. The items of his account were given in detail. Some of them seem to be quite fanciful and not proper charges. The evidence of the defendants is to the contrary. It tends to show that they were diligent in the performance of their contract, while Scobee was very troublesome and continually interfered with them and their laborers, and that he refused to furnish them money as provided in the contract. Their proof is that Scobee's men were incompetent and damaged the crop. They also proved items of damage and charges against him, some of which were outside the contract. They admitted in their testimony owing the plaintiff for

certain items. He claims these amounted to about $500, while the appellees specify such items as amounting to $351.

No objection was made to the instructions, which were given by the court on his own motion. The first instruction was in substance that if the jury believed from the evidence that the defendants were neglecting the crop and it was necessary in order to save it that plaintiff employ men and means to do so and that he did, they should find for him his actual outlay or the money necessarily spent, not in excess of $2,466.41, "unless you shall believe as defined in Instruction No. 2." The second instruction set out seven items claimed by the defendants in their counterclaim (aggregating $189.50) and for damages to the crop caused by the employment of incompetent men by the plaintiff, not to exceed $750, a total of $963.76. The third instruction provided for the setting off of the lesser verdict, if any, against the larger, if any. The verdict was for the defendants for $316.50 "for damage in the crop," and under Instruction No. 2 (as is stated) for six of the items submitted amounting to $183.40, "a total of $500.00."

The appellant's argument is that since the defendants admitted owing him certain items and the jury did not find for him in that sum, the verdict is, as we have stated, contrary to the evidence and manifestly the result of passion and prejudice, induced by argument of appellees' attorney, which is not in the bill of exceptions. The appellees maintain that the admitted items were referred to in the argument to the jury and in the calculations submitted to them (as shown on a blackboard, a photostat thereof being made a part of their brief) and that the jury took those items into consideration in allowing the defendant only $316.50 for damages. Moreover, it is submitted that no objection was made at the time to the form of the verdict and that if the plaintiff was not satisfied with its form he should have objected and moved then and there to have the jury correct it.

Disregarding, as we must, the statements in appellees' brief about the concessions having been regarded in the argument, with the jury's attention called to them in the calculations submitted for the basis of their verdict, because it is outside the record, yet that is the legal presumption. It is to be assumed that the jury

was composed of sensible and reasonable men and to be presumed that they understood and followed the evidence and instructions in their entirety. The evidence justified a verdict for the defendants for the amount found, that is, that the plaintiff was responsible for general damages, not only for $316.50 but that sum in addition to the total amount which the defendants admitted owing plaintiff on the account, whether it was $351, as appellees figure, or $500, as appellant calculates. The verdict for the combined sum, whichever it may be, cannot be said to be so flagrantly against the evidence or so excessive as to authorize a reversal of the judgment upon that ground. We have never held it incumbent upon a jury to state how or by what method of calculation it arrived at its verdict. It is sufficient if the amount is sustained by the evidence. Louisville Trust Company v. Cummins, 288 Ky. 285, 156 S. W. (2d) 118. In Parsley v. Parsley, 224 Ky. 254, 6 S. W. (2d) 234, where the plaintiff sought to recover the definite sum of $750 on a contract and the defendant sought $619 on a set off and counterclaim, the verdict was simply for the plaintiff for $500 with the addition that "each side pay his own costs." We regarded the verdict as a finding that the plaintiff had established his claim and the defendant had succeeded in establishing some of his items, one of which the plaintiff had conceded owing.

Here the verdict is in strict conformity with the definition of a verdict prescribed by Section 326 of the Civil Code of Practice, viz., "A general verdict is that by which the jury pronounces generally, upon all the issues, for the plaintiff or for the defendant." Accordingly, a verdict is to be held sufficient in form if it reports the decision of the jury on the essential issues in such manner as to enable the court, in the light of the record, to intelligently base a judgment thereon. Walter v. Louisville R. Co., 150 Ky. 652, 150 S. W. 824, 43 L. R. A., N. S., 126, Ann. Cas. 1914D, 441; Romans v. McGinnis, 156 Ky. 205, 160 S. W. 928; Baugh v. Williams' Adm'r, 264 Ky. 167, 94 S. W. (2d) 330.

It is to be assumed the jury regarded the admitted items and simply declared the net finding instead of separately the amounts found for each party as was contemplated by the instructions. If the plaintiff desired the verdict to be more specific, we think it was his duty to ask the court to have the jury so make it. Failing to

do so, he waived any right to raise the question. Walter v. Louisville R. Co., supra; Fritz v. Roberts, 264 Ky. 418, 94 S. W. (2d) 1016.

Judgment affirmed.