# Simpson et al. v. Lee.

March 5, 1943.

C. P. Moore for appellants.

S. V. Little and J. R. Llewellyn for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The question is the proper location of a boundary line. Title to a wedge-shaped parcel of land 33 feet wide at one end and running to a point 1,782 feet away is involved.

Sometime about 1901, four joint owners of a 114-acre tract agreed on its partition and the county surveyer, J. D. Spurlock, divided it. No deeds were executed, but a plat was accepted as the division and the parties entered into possession of their respective parcels. The line between the parcel allotted to Mrs. Jane Lee, appellee herein, and her sister, Mrs. Isaphine Gilbert, began at a dogwood tree and ran south 25 east 108 poles to a double white oak tree at a road. The controversy arises from the fact that there are two such trees about two poles apart at the road, each of which may have answered to the description of a "double oak."

We have fully considered the evidence, but its recitation would not be of value as a precedent, for obviously each case of this kind must be determined on its own merits. It seems sufficient to say that Spurlock recently re-surveyed the line and positively identified the east tree as the proper corner as claimed by the appellee. He had made some intermediary surveys for the appellant, and perhaps one of his predecessors, that are not entirely consistent, and the present county surveyor established the west tree as the proper corner as claimed by the appellant. The conflict between the surveyors seems to be based upon the use of a different magnetic variation in connection with the original survey, neither of

whom was certain as to what was correct. If the conflicting, technical testimony of the surveyors be disregarded, the evidence is overwhelming that the east tree was the one established in the original survey. By the building and rebuilding of fences, the former owners of appellant's land recognized that tree and the line contended for by the appellee. This brings the case within the rule of acquiescence and estoppel in relation to a true boundary line and of establishing the limit or extent of adverse possession as reviewed in Hotze v. Ring, 273 Ky. 48, 115 S. W. (2d) 311; Wallace v. Mounts, 291 Ky. 368, 164 S. W. (2d) 541; and Fordson Coal Co. v. Howard, et al., 293 Ky. 138, 168 S. W. (2d) 588.

Wherefore the judgment is affirmed.