**Albert W. LATTA, Appellant,**

v.

**Jewell Barnes TABER, Appellee.**

Court of Appeals of Kentucky.

March 16, 1956.

Rehearing Denied May 25, 1956.

Wm. G. Lehnig, Louisville, for appellant.

Fielden Woodward, A. Singleton Cagle, Woodward, Hobson & Fulton, Louisville, for appellee.

STANLEY, Commissioner.

In this automobile accident case the verdict for the plaintiff, Albert W. Latta, was for $1,973.10 without itemizing the damages. The plaintiff's appeal from the judgment rests on the point that the jury disregarded the instructions in that it allowed him only special damages and none for pain and suffering, which were clearly proved to have been great.

By the instruction, the court authorized a maximum verdict for pain and suffering of $5,000; for physician and hospital expenses incurred, $74.50; for such similar expenses that might be incurred in the future, if the jury believed that an operation would be reasonably necessary, $550 (total on this account $624.50); loss of time, $448.60; and damages to plaintiff's automobile, $600; a total maximum award of $6,673.10. The plaintiff's proof sustained the special damages listed amounting to $1,672.10. The verdict, as stated, was for $300 more than this sum. Without competent explanation, this may be reasonably regarded as being the verdict for pain and suffering, although it may have been more on this account and less on some of the items of special damages. But the appellant does not rest his claim for rever-

sal of the judgment on the ground that the damages awarded for pain and suffering are inadequate. CR 59.01, subd. 4. He only claims, as stated above that nothing at all was awarded him for pain and suffering, hence, that the case is within the rule that a judgment on such an inconsistent verdict must be reversed. Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272.

To support his contention, the appellant relies upon a partially obliterated memorandum appearing on the first page of the instructions. A photostat of that page is in the record. On the side margin are the apparent signatures of eleven jurors which the typed record shows signed the verdict. The original, handwritten verdict is not in the record. On the top margin of the page is a writing which is legible or readable in part. This writing was crossed out and an attempt made to erase it. Much of it was so completely erased as to be unreadable on the photostat. The appellant submits, however, that this memorandum reads:

"We have agreed to award Mr. Albert Latta the sum of $1,673.10 to cover previous expenses and his proposed operation and an additional sum of $300.00 to cover living expenses during time off from work during operation and convalescence, a total of $1,973.10."

This reading of the illegible memorandum seems to be speculative, although the original may have been decipherable through a microscope. If it so read and had been returned as the verdict, then there was in fact no award for pain and suffering but an award of $300 for an item of damage not authorized by the instructions.

■■■■ We may be warranted in assuming that this memorandum was written by one of the jurors, but it does not follow that it was accepted by the jury. The erasure, obliteration and scratching out manifest nonassent and abandonment. The verdict was written elsewhere and was in a different form. That must be accepted without modification or explanation.

■■■■ We must assume the verdict for a single sum was made up of all damages the jury found the plaintiff was entitled to. It is not "incumbent upon a jury to state how or by what method of calculation it arrived at its verdict. It is sufficient if the amount is sustained by the evidence." Scobee v. Donahue, 291 Ky. 374, 164 S.W.2d 947, 949. And, as stated in that opinion, it is to be assumed the jury regarded all items of evidence in reporting a gross sum instead of separating the constituent items; furthermore, "If the plaintiff desired the verdict to be more specific, we think it was his duty to ask the court to have the jury so make it. Failing to do so, he waived any right to raise the questions." See also Commonwealth v. Webb, 309 Ky. 93, 216 S.W.2d 893.

In Lawson's Adm'r v. Brandenburg, 240 Ky. 68, 41 S.W.2d 201, the suit was to recover $25,000 for personal injuries and $600 for damage to an automobile. The verdict was for $500 only. The plaintiff contended on the appeal that under the evidence the verdict had to be regarded as being solely for the automobile damage. Since there was evidence tending to prove such damage was something less than that sum, we regarded the amount allowed by the jury on that account as less than $500 and held the verdict for that sum indicated the jury did allow something, although meager, for the personal injuries sustained. So in the case at bar where it appears the award for such injuries was at least $300.

Wherefore, the judgment is affirmed.