**Brady STEVENS, Appellant,**

v.

**Alice MURPHY, d/b/a Checker Cab Company and Clyde Murphy, Appellees.**

Court of Appeals of Kentucky.

May 31, 1957.

P. H. Vincent, Thomas E. Phipps, Ashland, for appellant.

C. Guthrie Yager, Ashland, for appellee.

CLAY, Commissioner.

Appellant as plaintiff in a negligence action was awarded $4,000 by a jury verdict. He appeals on the ground the award was inadequate because contrary to the evidence and instructions, and on the ground of misconduct of a juror.

Plaintiff's automobile was damaged and he suffered personal injuries in an automobile accident involving defendants' taxicab. He claims the accident caused a ruptured disk and that he was totally and permanently disabled. There was evidence tending to support his claim with respect to the nature and extent of his injuries, but there was also evidence indicating that his injuries may not all have been sustained in the accident and that they were not as severe as he contends.

The instructions authorized an award of $500 for damage to plaintiff's automobile and authorized an award for pain and suffering, loss of time not exceeding $2,500, and medical expenses not exceeding $205. The jury returned the following verdict:

> "We, the jury, agree to award the plaintiff, Brady Stevens, $3500.00 for personal injuries and $500.00 for damages to his car. Total $4000.00."

It will be noted that this verdict makes, a general award for personal injuries, and a specific award for damages to the automobile. It does not separate the items that make up the personal injury award. It is plaintiff's contention that $3,500 was allowed for pain and suffering, and that nothing was allowed for either loss of time or medical expenses. We can find no basis for so construing the verdict.

In Latta v. Taber, Ky., 289 S.W.2d 907, we decided that a verdict for a single sum for personal injuries may be construed to include all items of special damage. Under the instructions given in this case, the sum of $3,500 could include the maximum allowable amounts for loss of time and medical expenses, plus approximately $800 for pain and suffering. Under the evidence the jury could have determined that the loss of time claimed (which plaintiff argues amounted to over $9,000) was not the direct and proximate cause of the injury he sustained in the accident.

The jury is not required in its verdict to show the method of calculation used in reaching its verdict, and if the plaintiff desired to have it itemized with respect to the personal injury award, it was his duty to move the court to have the jury so instructed. Latta v. Taber, above cited. We therefore find no merit in plaintiff's first contention.

The next contention is that one of the jurors made untruthful answers on the voir dire. Plaintiff's affidavit, filed with his motion for a new trial, does not show that this juror made an untruthful answer. Plaintiff's real contention seems to be that this juror had some positive views about the merits of the case which he expressed in the jury room when the verdict was being considered. The alleged conduct of the juror (denied by him) is set forth in affidavits of other jurors. These affidavits cannot be considered for the purpose of impeaching the jury verdict. Rager v. Louisville & N. Railroad Company, 137 Ky. 811, 127 S.W. 155; Irvine v. Greenway, 220 Ky. 388, 295 S.W. 445. We find no merit in this ground for a reversal.

The judgment is affirmed.